62 So.2d 13 (1952)
LIVINGSTON, State Motor Vehicle Commissioner et al.
v.
NATIONAL SHAWMUT BANK OF BOSTON.
Supreme Court of Florida, Special Division B.
December 16, 1952.
Richard W. Ervin, Atty. Gen., T. Paine Kelly, Asst. Atty. Gen., for Arch Livingston, Motor Vehicle Commissioner and D. Bryon King, Jacksonville, for Parrish Motor Co., appellants.
Ausley, Collins & Truett, Tallahassee, and Cushman, Woodard & Gotthardt, Miami, for appellee.
REVELS, Associate Justice.
On August 25, 1949, one Zeady purchased an automobile from a dealer in Maine, and executed a conditional sales contract to secure the balance due. The dealer assigned said conditional sales contract to The National Shawmut Bank of Boston. Said contract was recorded in the office of the City Clerk of Portland, Maine, as required by applicable laws of Maine. Thereafter on January 4, 1950, the State of Maine issued to Zeady its official certificate of registration. Zeady came to Florida and on April 3, 1950, sold said automobile to Parrish Motor Company, giving the certificate of registration and a bill of sale to Parrish Motor Company, warranting the title to be free of encumbrances, when in fact the conditional sales contract remained unpaid, and the sale was made without the knowledge and consent of the bank. The State of Maine did not require the notation of outstanding liens upon a certificate of registration. No Florida title certificate was obtained by Zeady or Parrish. After Parrish Motor Company had sold the car application was made by a subsequent purchaser for Florida title certificate, and after application for title certificate was made and while application was waiting to be processed in the office of the State Motor Vehicle Commissioner, the bank attempted to have its conditional sales contract noted on said certificate; whereupon the Commissioner declined. This suit was filed and temporary injunction issued *14 against the Motor Vehicle Commissioner. Parrish Motor Company repurchased the car from subsequent purchaser. Upon hearing on motion for summary decree the chancellor below entered summary final decree, the pertinent parts of which are as follows:
"It Is Thereupon, Ordered, Adjudged and Decreed:
"1. That by virtue of that certain conditional sales contract executed by Abraham W. Zeady and dated August 25, 1949, and by virtue of the delinquency and failure of certain payments to plaintiff thereon, the plaintiff, The National Shawmut Bank of Boston, has title to the subject motor vehicle superior to any right, title or claim on the part of any defendants or any persons claiming by, through or under any of them.
"2. The defendant, Parrish Motor Company, by its agreement with the defendant, Abraham W. Zeady, on April 3, 1950, is possessed of all the right, title, interest and equity of the said defendant, Abraham W. Zeady, in the subject motor vehicle, said interest being, however, subject to the paramount rights of the plaintiff, The National Shawmut Bank of Boston, as provided in Paragraph 1 above. Nothing contained in this order is to be construed as preventing the defendant, Parrish Motor Company, from bringing any action at law or in equity which it might have against the defendant, Abraham W. Zeady, relative to the agreement aforesaid between them.
"3. The defendant, Parrish Motor Company, is hereby granted a period of 10 days in which it may make all payments which are due and delinquent on subject vehicle to the plaintiff, The National Shawmut Bank of Boston, including interest at the rate of six per cent (6%) per annum since default, and upon so doing within the time specified, the defendant, The Parrish Motor Company, shall have Certificate of Title to the subject vehicle issued to it by the defendant, State Motor Vehicle Commissioner, in accordance with Paragraph 4 below.
"In the event said defendant, Parrish Motor Company, does not elect to make all delinquent payments with interest thereon as hereinabove provided and within the time specified, then in that event, the plaintiff, The National Shawmut Bank of Boston, is by this order decreed to be the sole lawful owner of subject vehicle free of all claims upon it by any of the defendants herein or any persons or firms claiming under them and said plaintiff is entitled to the immediate possession of same, and upon application being made for title by plaintiff, the defendant, The State Motor Vehicle Commissioner, shall issue certificate of title to plaintiff, The National Shawmut Bank of Boston, forthwith. * * *".
Insofar as such final decree holds that the lien of the bank is superior to the rights of the Parrish Motor Company, we find no error. Section 319.15, Florida Statutes, F.S.A., as interpreted by this court in Lee v. Bank of Georgia, 159 Fla. 481, 32 So.2d 7, 13 A.L.R.2d 1306, no longer controls the rights of lienholders whose liens attached subsequent to August 1, 1949, by virtue of the provisions of Section 8 of Chapter 23658, Laws of Florida, Acts of 1947, Section 319.27, Florida Statutes, F.S.A. We are not, then, bound by the decision in the Lee case, since we are here concerned with a lien which attached subsequent to August 1, 1949.
There is nothing in Chapter 319, Florida Statutes, F.S.A., as amended by Chapter 23658, supra, to indicate that the Legislature intended to cut off the rights of holders of liens valid in and registered under the law of the State wherein such liens were created, as such rights had been previously enforced in this state under the rule of comity. Nor can the contention of the Parrish Motor Company that it was a "bona fide purchaser", be sustained. See McQueen v. M. & J. Finance Corp., Fla., 59 So.2d 49.
That portion of the decree holding that the lien of the bank is superior to that of *15 the Parrish Motor Company is, accordingly, affirmed.
As to that portion of the decree declaring the bank to be the sole owner of the vehicle upon failure of Parrish Motor Company to make all delinquent payments with interest within the time specified in the decree, we cannot agree with the ruling of the Chancellor.
The conditional sales contract held by the bank reads as follows:
"and if the net proceeds of such sale exceed the balance due on such price, the sum remaining shall be paid over to the purchaser."
By the very terms of the contract the bank is bound to get only the amount of its lien plus legal costs and any balance should go to subordinate interests or lienholders. This would be true even if the contract did not contain the above quoted provision, because the prior lienholder is not entitled to the possession of the entire equity as against third party claimants such as a subsequent purchaser or subordinate lienholder. Subordinate interest is entitled to participate in any surplus, if the value of the property exceeds the amount of the prior claim. The equitable way to determine whether or not the value of the property exceeds the amount of the prior lien and cost is to order the property sold to highest bidder. Section 319.27, Florida Statutes, recognizes subordinate interest. Equity will not permit one to be unjustly enriched at the expense of a subordinate interest, which by labor, material or money has enhanced the value of the property, or acquired an interest therein.
After all, the purpose of conditional or retain title contract is to secure the balance due and constitutes a lien upon the property to secure the payment. The right of possession of the entire property is one of the methods of enforcing the payments due under such contracts, so long as no equitable issue has been interposed, but the holder of such a contract can not be permitted to use such provisions to defeat a third party claimant holding a subordinate right or lien, because if the property has any value over and above the amount of the contract, interest and legal costs, the subordinate interest or lienholder should be entitled to share in such surplus. In G.F.C. Corporation v. Spradlin, Fla., 38 So.2d 679, 681, we said:
"The plain intent and meaning of this statute is that a person in possession, dominion, and control of an automobile purchased under a retain title or conditional sale contract and who consequently owns the equitable or beneficial title thereto, is considered as the owner of the vehicle, and that any contract or agreement by whatever name called which has as its ultimate object the payment of the purchase price for the vehicle is to [be] treated purely as a lien for the purchase money or as security for the payment on satisfaction of the debt or obligation described therein."
The National Shawmut Bank of Boston holds a prior lien against the automobile and Parrish Motor Company acquired the equity of Zeady, whose equity was subject to the conditional sales contract, and Parrish Motor Company should not be required to pay off the contract in full to salvage something on its interest, for that is not the equitable way to protect the interest of subordinate claimants. The Court cannot guarantee that the property will sell for more than the amount of the prior lien, interest and costs, but it will secure to the subordinate interest the right to participate in any surplus. The amount and priorities of the claims of the litigants should be determined and the property ordered sold, and the proceeds paid to claimants according to priorities after the legal costs have been paid. The Master should execute bill of sale to the purchaser. The purchaser upon presenting the same to the Motor Vehicle Commissioner and otherwise complying with the requirements of law shall be given a certificate of title.
The decree is reversed in part and affirmed in part with directions to revise the summary final decree in accordance with this opinion.
Reversed.
SEBRING, C.J., and ROBERTS, and MATHEWS, JJ., concur.