105 So.2d 899 (1958)
CAPITAL LINCOLN-MERCURY, Inc., Appellant,
v.
GENERAL MOTORS ACCEPTANCE CORPORATION, Appellee.
No. A-159.
District Court of Appeal of Florida. First District.
October 14, 1958.
*900 Ervin & Buford, Tallahassee, for appellant.
Boggs, Blalock & Holbrook, Jacksonville, and W.J. Oven, Jr., Tallahassee, for appellee.
DREW, E. HARRIS, Associate Judge.
This appeal is from a final summary judgment for plaintiff, G.M.A.C., in an action for conversion of an automobile upon which it held a conditional sales contract. The purchaser, in violation of his contract, brought the vehicle to this state and obtained a certificate of title indicating Massachusetts as the place of purchase but not revealing the encumbrance. Appellant purchased the car after an investigation which did not include inquiry in Massachusetts, and sold it to another.
There does not appear to be any question as to the validity of the underlying contract by which the original seller, in Massachusetts, retained title to the vehicle in question as security for his lien, subsequently transferred to the appellee G.M.A.C., plaintiff below. Nor is there any real contest of the conclusion of the court below, based upon evidence on the subject, that under the laws of Massachusetts contracts of the character here involved are not required to be recorded or noted as liens on automobile registration certificates, and in this situation would nevertheless be enforceable against subsequent purchasers in that jurisdiction.
The controversy arises over applicability of the rule of comity enunciated in earlier decisions of the Florida Supreme Court so as to give to liens validly created in other states priority over subsequent holders of such encumbered vehicles under the law of this jurisdiction.[1] In the case at bar the court construed those decisions to be "bottomed on the strong policy of applying the rule of comity and giving full effect to the contract rights acquired and perfected under the law of the state where the contract was made and the property situate at the time, and that the courts of Florida would enforce such rights unless our statutes clearly direct otherwise."
As previously enunciated, F.S. Chapter 319, F.S.A., does not reflect any intention to cut off such rights. The rationale of the above cited cases is fully applicable to liens arising in jurisdictions which do not require recording, and the weight of opinion appears to support the conclusion herein that we cannot "attach as a condition of comity, in cases such as this, that the lex loci must require a recording of an otherwise valid and effective contract right."[2]
Insofar as appellant relies upon F.S. Section 319.27(3) (f), F.S.A., providing protection under certain circumstances for purchasers of vehicles upon which no Florida title certificate has been issued, the record evidence is conclusive that appellant did *901 not comply with its terms and therefore cannot claim any benefit thereunder, even if it should be deemed applicable to the transaction under consideration.
The judgment with respect to interest, however, must be reversed. Upon cross-appeal the point is made that the court erroneously limited interest, under terms of the contract, to the period after institution of suit, in the absence of any other date of election to claim the unpaid balance. While the contract did provide for such election and might under other circumstances be relied upon to claim interest not otherwise allowable, manifestly a failure to make such election cannot affect appellee's rights under the uniform rule of our cases permitting recovery of interest by a title holder from the date of conversion of his property.[3] The computation should accordingly have been made as of August 17, 1956, the date of sale by appellant.
The second contention on cross-appeal, that the court erred in refusing to award counsel fees, must be resolved, on the record before us, in appellant's favor. It is appellee's theory that as a result of the conversion it has been deprived of its right to enforce its lien under the contract providing for allowance of counsel fees, and is therefore entitled to recover from the defendant such sum as appellee would have been entitled to recover if the lien had been enforced by direct legal action.[4] Whatever may be the merit of this argument, there is no basis in the record for an award of fees under the doctrine of our cases establishing the indemnity nature of such recovery based on contractual or statutory rights.[5] The claim was properly denied in the absence of the requisite affirmative showing.
Affirmed in part, reversed in part, and remanded for the purpose of amending the final judgment to allow interest as herein provided.
STURGIS, C.J., and CARROLL, DONALD, J., concur.
NOTES
[1] Vincent v. General Motors Acceptance Corp., Fla., 75 So.2d 778; Livingston v. National Shawmut Bank of Boston, Fla., 62 So.2d 13; McQueen v. M. & J. Finance Co., Fla., 59 So.2d 49.
[2] See West v. Associates Discount Corp., 206 Okla. 44, 240 P.2d 1077; Denkins Motor Co. v. Humphreys, 310 Ky. 344, 220 S.W.2d 847; Goetschius v. Brightman, 245 N.Y. 186, 156 N.E. 660; Studebaker Bros. Co. v. Mau, 13 Wyo. 358, 80 P. 151; Jerome P. Parker-Harris Co. v. Stephens, 205 Mo. App. 373, 224 S.W. 1036; annotation 57 A.L.R. 729, 13 A.L.R.2d 1351.
[3] 15 Am.Jur., Damages, Sec. 174; Quitman Naval Stores Co. v. Conway, 63 Fla. 253, 58 So. 840; Skinner v. Pinney, 19 Fla. 42, 51. Cf. Felder v. Reeth, 9 Cir., 34 F.2d 744, 97 A.L.R. 244.
[4] See Eade v. First Nat. Bank of Condon, 117 Or. 47, 242 P. 833, 43 A.L.R. 374; De Costa v. Comfort, 80 Cal. 507, 22 P. 218; Hopkins v. Anderson, 218 Cal. 62, 21 P.2d 560; Maddox v. Dunklin, 163 Ala. 278, 50 So. 277.
[5] Brite v. Orange Belt Securities Co., 133 Fla. 266, 182 So. 892, 9 Fla.Jur., Damages, Sec. 77.