118 So.2d 566 (1960)
Russell L. GREER, Appellant,
v.
COMMERCIAL & EXCHANGE BANK, a Georgia Corporation, Appellee.
No. 1309.
District Court of Appeal of Florida. Second District.
March 9, 1960.
*567 Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellant.
James M. McEwen, McEwen and Cason, Tampa, for appellee.
MORROW, R.O., Associate Judge.
This is a replevin action brought by the Appellee Bank as plaintiff in the trial court. The appellant was defendant below, and claimed ownership of the Ford automobile replevied by reason of being a bona fide purchaser for value without notice of any defect in the title. Judgment was entered, finding the Bank to be the owner and entitled to possession of said Ford.
The facts show that one Hassell Bentley on January 22, 1957, purchased a 1957 Ford automobile from Kilgo Motor Company in Tallapossa, Haralson County, Georgia. The plaintiff Bank financed a $1,500 balance on the purchase price. On said date Bentley executed a conditional bill of sale to the plaintiff Bank. This execution took place in Georgia. The trial Judge found that the vehicle was apparently delivered to Bentley at the Kilgo Motor Company's place of business in Georgia, and we do not disturb this finding. The bill of sale shows Bentley's address to be Muscadine, Alabama, which is a community just across the Georgia line. The Bank did not record its conditional bill of sale in Haralson County or any other Georgia County, but did record it in Cleburne County, Alabama, on January 28, 1957, Cleburne County being Bentley's County of residence. On February 9, 1957, Bentley obtained an Alabama license for the vehicle, and on March 4, 1957, Bentley obtained a Georgia license in Homersville, Georgia, for said vehicle. On March 5, 1957, Bentley conveyed said vehicle to one J.D. Sanders in Lake City, Florida. The vehicle was later taken by Sanders to Tom Hewitt's Auto Auction in Valdosta, Georgia, and there sold by Sanders to Dayan & Katz Motors, of Tampa, Florida, on March 15, 1957. At that time there was a Georgia license tag on the vehicle, and the purchasers, Dayan & Katz Motors, obtained a bill of sale and title warranty. Katz testified that at the time of said sale, he had no knowledge of any outstanding liens claimed against the vehicle; thereafter Dayan and Katz sold the vehicle in Tampa, Florida, to one Alphonso Murray. At that time said sellers applied to the Florida Motor Vehicle Commissioner for a Florida title, having sent in the Georgia license plate certificate and the bill of sale and warranty. A Florida title was issued, showing the vehicle previously registered in the State of Georgia. Subsequently the vehicle was purchased by the defendant Greer. The defendant had no knowledge of the lien claimed by the plaintiff. No investigation was made by Sanders, or by Dayan & Katz, or either of their successors in title in Georgia or Alabama, as to liens.
The law of three States was considered by the Trial Court, and we quote them as follows:
*568 Georgia Code, § 67-1305:
"Every deed to secure debt shall be recorded in the county where the land conveyed lies; every bill of sale to secure debt, in the county where the maker resided at the time of its execution, if a resident of this State; and if a non-resident, then in the county where the personally conveyed is * * *"
The Alabama Code, Title 47, Section 110:
"Conveyances of personal property to secure debts, or to provide indemnity, must be recorded in the county in which the grantor resides, and also in the county where the property is at the date of the conveyance, unless the property is immediately removed to the county of the grantor's residence; * * *"
and in Section 111 it is provided:
"Whenever any personal property is subject to any lien, incumbrance, mortgage, or trust for the security of debts, at the time of its removal to this state, the writing evidencing the lien, incumbrance, mortgage or trust must be recorded in the county into which it is brought, and remains, within three months after the arrival of such property."
Section 319.27(3) (f), Florida Statutes, F.S.A. sets forth the conditions under which a person shall be considered a bona fide purchaser for value of a motor vehicle when no certificate of title has been issued in the State of Florida at the time of sale. The trial Court determined that the purchasers Sanders, then Dayan and Katz failed to comply with the Florida Statute, and therefore did not receive the motor vehicle free of the plaintiff's rights under its conditional sales contract. It is well settled that the rule of comity giving full effect to the contract rights acquired and perfected under the law of the State where the contract was made, and the property situate at the time, is followed by the Courts of Florida, and such rights would be enforced unless our Statutes clearly direct otherwise (Capital Lincoln-Mercury, Inc. v. General Motors Acceptance Corporation, Fla.App. 1958, 105 So.2d 899).
The record discloses that the sale of the motor vehicle took place in Georgia, that the conditional sales contract was executed in Georgia, and that at the time of the sale the motor vehicle was located in Georgia. Under these circumstances the law of Georgia applies. The Georgia law provides that every bill of sale to secure a debt shall, in the case of a non-resident, be recorded in the county where the personalty conveyed is. The plaintiff Bank failed to comply with this law, and when the motor vehicle in question was purchased in Valdosta, Georgia, by an innocent purchaser for value and without notice, such purchaser obtained good title. A good title, having been brought into the State of Florida, remains a good title in the State of Florida. The Florida Statute in question is not designed to correct an error made in failing to conform to the recording laws of a sister State, and, in the case at bar, be used to destroy a valid contract of purchase.
The fact that the original purchaser was a resident of Alabama, and further, that the conditional sales contract was recorded in Alabama, does not make the Alabama law applicable under the facts of this case.
For the reasons stated, we must disagree with the eminent trial Judge, and the judgment appealed from is reversed, and this cause remanded for further proceedings not inconsistent with this opinion.
Reversed and remanded.
ALLEN, C.J., and KANNER, J., concur.