SPOTO, I. C., Associate Judge.
On September 9, 1957, Crabb Motor Co., Inc., a Georgia corporation, the owner of the 1957 Imperial automobile which is the subject matter of this cause of action, sold the car to H. G. Crabb, an official and stockholder of the company. On that date, in order to secure the unpaid portion of the purchase price, Crabb executed and delivered to the Crabb Motor Co., Inc., a conditional sales or retain title contract securing the sum of $4,242.56. The contract was thereafter assigned for a valuable consideration to Motors Acceptance, Incorporated, plaintiff in the trial Court. There *157 after, on October S, 1957, being within thirty days from the date of the execution of the contract, the plaintiff caused this contract to be recorded in the office of the Clerk of Superior Court of Dougherty County, Georgia.
On September 23, 1957, prior to the date on which the contract was filed for record, the car in question was sold to Joel Strickland at Jacksonville, Florida. Thereafter Strickland sold the car to R. S. Evans Motors of Jacksonville, Inc., and Evans. Motors in turn sold the car to one Eugene Sac-comano. No Florida motor vehicle certificate of title was ever issued prior to the sale to the defendant, Joel Strickland, in Jacksonville, Florida. The plaintiff, Motors Acceptance, Incorporated, a Georgia corporation, filed an action against the defendants, Joel Strickland, d/b/a Orlando Auto Auction and R. S. Evans Motors of Jacksonville, Inc., a Florida corporation, for the conversion of the said automobile and it was set for trial before the Judge of the court without a jury and resulted in a judgment in favor of the plaintiff, and this appeal followed.
The appellant poses three questions. The first two may be treated together. It is the contention of the appellants that they were not chargeable with notice of the conditional sales contract recorded in Georgia because at the time of the purchase of the automobile by Strickland on September 23, 1957, the contract was not of record and they had no actual notice thereof. Section 67-1403 of the Georgia Code reads as follows :
“The registration and record of conditional bills of sale shall be governed in all respect by the laws relating to the registration of mortgages on personal property, except that any conditional bill of sale when filed for record within 30 days from its date, shall have priority from the date of its execution, as to all other liens and instruments and claims. The effect of failure to record a conditional bill of sale shall be the same as is the effect of failure to record a deed of bargain and sale.”
Under this provision of the Code the recording of the contract being within thirty days from its execution, it is accorded priority as of the date of the execution, and the appellants were charged with knowledge of this provision under the law of comity, which is applicable and must be applied in this case. In the case of Capital Lincoln-Mercury, Inc. v. General Motors Acceptance Corporation, Fla.App.1958, 105 So.2d 899, 900, Mr. Justice Drew, Associate Judge, discussing the question, had the following to say:
“The controversy arises over applicability of the rule of comity enunciated in earlier decisions of the Florida Supreme Court so as to give to liens validly created in other states priority over subsequent holders of such encumbered vehicles under the law of this jurisdiction. In the case at bar the court construed those decisions to be ‘bottomed on the strong policy of applying the rule of comity and giving full effect to the contract rights acquired and perfected under the law of the state where the contract was made and the property situate at the time, and that the courts of Florida would enforce such rights unless our statutes clearly direct otherwise.’
“As previously enunciated, F.S. Chapter 319, F.S.A., does not reflect any intention to cut off such rights. The rationale of the above cited cases is fully applicable to liens arising in jurisdictions which do not require recording, and the weight of opinion appears to support the conclusion herein that we cannot ‘attach as a condition of comity, in cases such as this, that the lex loci must require a recording of an otherwise valid and effective contract right.’ ”
Likewise in the case of Greer v. Commercial & Exchange Bank, Fla.App. 1960, 118 So.2d 566, 568, the Court said:
*158 “It is well settled that the rule of comity giving full effect to the contract rights acquired and perfected under the law of the State where the contract was made, and the property situate at the time, is followed by the Courts of Florida, and such rights would be enforced unless our Statutes clearly direct otherwise (Capital Lincoln-Mercury, Inc. v. General Motors Acceptance Corporation, Fla.App.1958, 105 So.2d 899).”
It is likewise the contention of the defendants under the second question that they were innocent purchasers for a valuable consideration, without notice, of an automobile upon which no Florida motor vehicle certificate of title had been issued, when they obtained an oral rather than a written statement from the appropriate recording official of another state. Our' Statute § 319.27(3) (f), which was in full force and effect at the time of this transaction, reads as follows:
“Any person, firm or corporation purchasing a motor vehicle upon which no certificate of title has been issued in Florida shall be deemed to be an innocent purchaser for value, without notice, of any retain title contract, conditional bill of sale or chattel mortgage, provided such purchaser: 1. procures from the person selling such vehicle a sworn statement showing: a. that no lien does exist, b. name and address of owner on the date the current tag on such vehicle was acquired; 2. attaches to such sworn statement the certificate of title, if one has been issued. If a certificate of title has not been issued, procures from the seller an oath that no certificate of title has ever been issued, and 3. obtains a telegram or statement in writing from the motor vehicle commissioner, or like officer, in the state of the current tag, to the effect that no lien does exist on said motor vehicle. If facilities do not exist in that office for the recording of liens, then the purchaser shall obtain a telegram or statement in writing from the recording officer of the city or county and state of the residence of the seller as shown by the sworn statement, that no lien against said motor vehicle is of record in such county.”
This provision of the Statutes then in effect required the enumerated affirmative acts or steps on the part of the defendants, which the record fails to show the defendants complied with and they are therefore not in position to successfully contend to be bona fide purchasers for value.
The remaining question relates to the entry of a summary judgment in favor of one of the parties on motion of the adverse party. Since no summary judgment was entered by the trial Court, it is unnecessary to pass upon the question.
Affirmed.
ALLEN, C. J., and KANNER, J., concur.