CARROLL, Judge.
This is an appeal from a summary judgment entered for the defendant in a cause in the civil court of record in Dade County.
The facts, which were not in dispute, are set out in the judgment which was as follows :
“This Cause having come on before me upon motion of both parties to the above-styled cause for Summary Judgment, and this Court, after examining the within file, its exhibits and memo-randa, hearing argument of counsel, and otherwise being fully advised in the premises, finds the facts (which facts are without issue by virtue of the cross-motions for Summary Judgment) to be, as follows:
“1. Samuel J. Greene, an individual, of 22 Anderson Road, Framingham, Middlesex County, Massachusetts, upon July 18, 1958, purchased under a conditional sales contract from Ferry Street Motor Sales, Inc., a Massachusetts corporation, located at Malden, Middlesex County, Massachusetts, one (1) new, 1958, Holiday, 8-cylinder sedan, Series 98, bearing unit Serial No. 589B-01771, Motor No. B 069681, for a *843 consideration (after charges and credits) of $3,884.76, payable in thirty-six (36) monthly installments of $107.91, commencing upon August 25, 1958, until paid in full.
“2, Under the laws of Massachusetts, a conditional sales contract, and liens arising therefrom need not be recorded anywhere in said State in order for same to be valid liens.
“3. Samuel J. Greene breached his contract with the plaintiff by virtue of the following:
“(a) Samuel J. Greene failed to make the payment due upon February 25, 1959, and the plaintiff exercised his option of acceleration.
“(b) Prior to payment in full of the consideration, Samuel J. Greene Removed the motor vehicle from the State of Massachusetts without permission of the plaintiff.
“4. Greene, in removing the motor vehicle from Massachusetts with no permission came to Florida and upon August 12, 1958, applied for a Florida title certificate, noting on the application that it was purchased July 17, 1958 from Ferry Street Motors of Malden, Massachusetts and that said motor vehicle was previously registered at Boston, Suffolk County, Massachusetts upon July 18, 1958, and further said Greene deliberately omitted to report the then existing lien of Ferry Street Motors, Inc.
“5. That upon the said application for title, the Florida Motor Vehicle Commissioner issued a new and first Florida title on August 18, 1958, noting thereon that the State of the motor vehicle’s previous registration was Massachusetts.
“6. That the motor vehicle under and through the new Florida certificate of title, upon October 10, 1958, was sold to Municipal Auto Sales, Inc., evidenced
by an affidavit and a bill of sale in the file signed by Greene upon that date.
“7. That upon October 10, 1958 the defendant, in response to a telephone inquiry, made by it, received from Ina S. Thompson, Motor Vehicle Commissioner of the State of Florida, a telegram stating that there were no outstanding liens of record at that time.
“8. That upon October 14, 1958, the defendant wrote to ‘City Clerk’s Office, Boston, Mass.’ to determine if there were any ‘liens or encumbrances’ on the automobile ‘in the name of Samuel Greene, Framingham, Mass.’
“9. That upon October 15, 1958 the defendant received from the ‘City of Boston, Office of the City Clerk, Room 22, City Hall’ a communication stating that ‘upon an examination of the records of Mortgages of Personal Property’ no ‘mortgage was recorded under the name of Samuel Greene.’
“10. That upon a later date, the motor vehicle was sold to one Richard Bradley of Municipal Auto Sales, Inc.
“Upon the foregoing ultimate facts, agreed to by the litigants, since there is no genuine issue of material fact,
“It Is Hereby Ordered and Adjudged:
“That as a matter of law, the defendant’s motion for a Summary Judgment be and is hereby granted; that hereby final judgment is entered for the defendant and against the plaintiff.”
The Florida statute relating to motor vehicles, in Chapter 319 Fla.Stat., F.S.A., dealing with title certificates, provides for certain inquiry in the state of former registration when such a car is sold here without a Florida title certificate having been issued. Section 319.27(3) (f). No such inquiry is required by the statute when the sale here of such a car is based on a Florida title certificate.
*844 If we were to decide the case on the basis of the provisions and requirements of chapter 319 Fla.Stat., F.S.A., we would not hesitate to affirm the judgment. However, the judgment must be reversed, for failure to make inquiry in the foreign state as required by a rule of comity established and applied by appellate courts in this state. See McQueen v. M. & J. Finance Corp., Fla.1952, 59 So.2d 49; Livingston v. National Shawmut Bank of Boston, Fla. 1952, 62 So.2d 13; Vincent v. General Motors Acceptance Corporation, Fla.1954, 75 So.2d 778; May v. Citizens National Bank of Orlando, Fla.App.1958, 100 So.2d 651; Capitol Lincoln-Mercury v. General Motors A. Corp., Fla.App.1958, 105 So.2d 899; Greer v. Commercial Exchange Bank, Fla. App.1960, 118 So.2d 566. The inquiry in the instant case was not sufficient to satisfy the comity rule. See Vincent v. General Motors A. Corp., supra. The summary judgment for defendant is reversed. On the undisputed facts the plaintiff was entitled to judgment.
Reversed and remanded.