THOMAS, Justice.
This controversy was determined in the trial court upon motions of plaintiff, Ferry Street Motor Sales, Inc., and the defendant, Municipal Auto Sales, Inc. The defendant prevailed and became appellee in the District Court of Appeal, Third District, where the judgment was reversed. The original defendant, winner in the trial court and loser in the district court, will now be designated petitioner and its adversary respondent.
The dispute reaches this court via certificate of the District Court of Appeal, Third District, issued under Sec. 4(2) of Article V of the Constitution, F.S.A., that the question upon which that court had •passed was one of “great public interest.’’
The suit was brought for conversion of an automobile upon which the respondent held a retain title contract. The car was purchased from the respondent by one Samuel J. Greene in Massachusetts where there is no law requiring the recordation of contracts of conditional sales of motor vehicles. Greene moved to Florida and became a citizen here, bringing the car with him.
He applied for a title certificate in Florida noting on the application that the vehicle was purchased from the respondent, naming it, but omitting any mention of the unpaid balance of the purchase price owing the seller. The Florida Motor Vehicle Commissioner thereupon issued the new title certificate and under it Greene sold the car to the petitioner, a corporation engaged in the used car business. The day of this transaction the petitioner sought information from the Florida Commissioner about the status of the car and was advised that there was no record in his office of a lien against the vehicle. The car was then sold to one Richard Bradley by Municipal Auto Sales, Inc., the petitioner. We will presently discuss the transaction in more detail.
In his application for the title certificate in Florida, Greene represented that he had registered the automobile in Suffolk County, Massachusetts, of which Boston is the county seat, though he lived in Framingham and had actually purchased the car in Malden, both of which are in Middlesex County.
*325 After the sale, the petitioner wrote the ■office of the city clerk of Boston for information about any lien against the car there and was advised that the record of mortgages on personal property revealed none.
In this state, Sec. 319.27(3) (f), Florida Statutes 1957, F.S.A., provides for the investigation that must be made for one to become an innocent purchaser of a vehicle upon which no certificate of title has been issued in Florida but does not specify what effort must be made to discover the condition of title in the event a certificate is issued here.
The District Court of Appeal stated quite frankly that if the case could be determined by the application of the provisions of Chapter 319 relating to Title Certificates the court would affirm the judgment that had been entered in favor of the petitioner, the Florida dealer, but the court was impelled to reverse because of the failure to make inquiry in the foreign state, Massachusetts, to the extent required under the rule of comity recognized by the appellate courts of this State.
The petitioner complains of the harshness of the rale that it must be held liable for conversion because of non-payment of the purchase price when the purchaser submitted a Florida Certificate of Title, but it must be remembered as we examine the cases of this court on which the District Court of Appeal relied and, which the petitioner thinks may be distinguished from the present one, that the buyer, and later seller, Greene, did not bother to mention, or purposely concealed, when he obtained the certificate, the outstanding debt to respondent who would on a contrary ruling become the victim of his knavery. In other words, who should lose, the innocent initial seller or the innocent ultimate buyer? Both cannot win.
The petitioner entreats us to avoid the rigor of the comity rule by invoking the provisions of Sec. 319.27(3) (f), supra, but obviously this court cannot amend the statute which applies by its very terms only to motorcars upon which no title certificate has issued in this State.
This or similar problems have been studied by this court on several occasions. Of like character was the litigation with which we dealt in McQueen v. M. & J. Finance Corp., Fla., 59 So.2d 49. The purchaser of the automobile was held not to be blameless when he had not persevered by investigating the status of the title and the presence or absence of incumbrances. True, the car bore license plates of the State, South Carolina, where purchased, the law of that State having provided that such liens be recorded in the counties. The ultimate purchaser relied on the representation of the seller that the car was free of debt. Although some of the elements are different here, we think the underlying principle is the same. The final purchaser became the victim of the deceit and the holder of the mortgage was protected despite the report of the Motor Vehicle Commissioner of Florida that there was no record in his office of an incum-brance on the vehicle.
In Livingston v. National Shawmut Bank of Boston, Fla., 62 So.2d 13, a car had been purchased in foreign state under a conditional sales contract which was recorded. In that state notations of outstanding liens were not made upon the certificate of registration. The buyer sold the car to a used car dealer in Florida without the consent or knowledge of the assignee of the contract. The lien of the assignee was protected although the last buyer was said to be an innocent purchaser.
In Vincent v. General Motors Acceptance Corporation, Fla., 75 So.2d 778, we held that the law of comity applied to the rights of lienholders whose liens are valid in the states where created. In that case it appeared that the holder of the conditional sales contract, recorded in the county of *326 the buyer’s residence in Georgia, where the certificate of registration was obtained, the car having been brought to Florida without the assignee’s knowledge or consent and sold to a person who got a Florida certificate of title and who sold the car to a used car dealer who then sold it to a second used car dealer, held a prior lien.
The facts we have stated closely resemble those in the instant case. But it is clearly shown in the record of this case that information was available to the petitioner from which he could have learned with small effort the condition of the title. The “Certificate of Title Application” signed by Samuel Greene 12 August 1958 gave a description of the car involved including the motor number and showed that it was purchased new from “FERRY ST. MTRS.” of Malden, Massachusetts, 17 July 1958 and was registered 18 July 1958 at Boston. In the space titled “Liens” appeared the following: “MASS. REG. SUBMITTED.” On the application was the following language “(NOTE: If there are no liens, mortgages or encumbrances the word ‘NONE’ must appear on the above line. If there are any liens the word ‘YES’ must appear with the following information.)” The spaces provided for the dates and kinds of liens and the names and addresses of lienholders were left blank.
There is also incorporated in the record a copy of the receipt for sales tax certified by the Motor Vehicle Commissioner. The statements on it were affirmed by Samuel Greene. It showed the seller as Ferry Street Motors of Malden, Massachusetts. Curiously enough, although the receipt was dated 12 August 1958, about a month after the original purchase of the car and although affirmed by Greene under penalty of perjury, he stated that the purchase price was $500 "including any unpaid balance due the seller, bank or others” so the tax he paid, at the rate of 1%, was the remarkable sum of $5.
On the title certificate itself, under the heading “State Prev. Reg.”, which we understand to be an abbreviation of the state where previously registered, appeared the word “MASS”.
We have described the application, tax receipt and title certificate in some detail because we think that these three instruments revealed sources of information from which the petitioner could have informed itself whether or not it was dealing with one whose unsubstantiated word could be taken at face value. It is true that the existence and amounts of liens were not disclosed but they could have been determined had the petitioner been wary.
Other circumstances lead to the inevitable conclusion that the petitioner was not on the alert. Certainly one in the business of buying and selling automobiles should be familiar with the contents of the instruments we have described and be prepared to deal cautiously with property so highly mobile and so often, as in this case, quite valuable. Not only should they exercise caution for their own good but for the protection of their customers as well. The car here involved was not trivial. It was an eight-cylinder Oldsmobile Holiday model doubtless of considerable value. When it was sold to the petitioner for $2700 it was slightly less than four months old.
To show how lax the petitioner was in this transaction, although the transfer of the car was effected 10 October 1958 and Greene furnished an affidavit that very day that the car had been purchased by him in Framingham, Massachusetts, and was unencumbered, four days passed before the petitioner’s office manager wrote to the city clerk of Boston to ascertain if there were any liens on the vehicle.
It would have been quite simple for the petitioner to have gained the intelligence that would have saved it from its present situation, and it cannot now in good grace complain about the harshness of the rule that, by comity, would favor the respondent. Greene’s unscrupulousness may be accepted as a premise and surely the petitioner *327 in all the circumstances we have detailed was in much better position to guard against artifice than was the respondent which held a valid lien on property of the highest degree of mobility.
We believe the factual situation here is a classic example of the soundness of the rule of comity and we are convinced that the District Court of Appeal was correct in its decision.
The conclusion we have reached harmonizes, we think, with the decision of the District Court of Appeal, First District, in the case of Capital Lincoln-Mercury, Inc. v. General Motors Acceptance Corporation, Fla.App., 105 So.2d 899.
ROBERTS, C. J„ and TERRELL, THORNAL and O’CONNELL, JJ., concur.