WIGGINTON, JOHN T., Associate Judge.
This appeal presents for our review a summary final judgment entered in a re- *64 plevin action by which a motor vehicle was adjudged to be owned by appellee, General Motors Acceptance Corporation, under a defaulted chattel mortgage held by it encumbering the vehicle in question. The defendant in the action was the purchaser of the vehicle for a valuable consideration and without actual or constructive notice of the outstanding and unpaid lien. The controlling facts in the case were stipulated by the parties, so we are concerned only with the question of whether the trial court erred as a matter of law in rendering the judgment appealed.
On March 27, 1962, one Randal Harrington purchased the motor vehicle in question from a dealer in Akron, Ohio. To secure the unpaid purchase price Harrington executed a chattel mortgage encumbering the vehicle, the principal amount of which was repayable in periodic installments. The chattel mortgage was properly assigned to appellee, General Motors Acceptance Corporation, who recorded its lien in Summitt County, Ohio, as required by the laws of that State entitling it to a valid lien as against the mortgagor and all subsequent purchasers and creditors. A certificate of title to the vehicle was duly issued by the proper authority showing Harrington to be the owner of the vehicle, and appellee to be the holder of a lien thereon.
Without either the knowledge or consent ■of appellee, and at a time when payments under the chattel mortgage were in default, Harrington removed the vehicle from Ohio to Alabama contrary to the express terms of the mortgage. By some unexplained means Harrington succeeded in securing Alabama license plates and a certificate of registration showing the vehicle to be unencumbered. This was accomplished in February 1963. After obtaining a clear Alabama certificate of registration, Harrington removed the vehicle to Florida where he applied for and received on March 4, 1963, a title certificate to the vehicle showing it to be free and clear of all encumbrances.
Appellee did not file its chattel mortgage for record either in the State of Alabama or Florida, and the Florida certificate of title contained no information indicating that the motor vehicle was originally purchased in Ohio or was in any way en-, cumbered by a lien recorded in that or any other state. The Florida certificate of title did reveal, however, that Alabama was the state of previous registration and the vehicle bore Alabama license plates at the time the new certificate of title was issued by Florida.
On March 8, 1963, Harrington sold the vehicle to one J. R. Campbell, who in turn sold it to appellant, City of Cars, Inc. All procedural requirements of the law of Florida for transferring title to the vehicle from Harrington to Campbell, and from Campbell to appellant, were complied with. Neither Campbell nor appellant had any knowledge of the Ohio lien held by appellee at the time either of them purchased the vehicle.
The primary question presented for decision is whether the lien of appellee’s chattel mortgage, which was valid in the State of Ohio and superior to the rights of all subsequent purchasers or creditors in that State, will be enforced in Florida under the doctrine of comity as against the interest of an innocent purchaser of the vehicle for value and without notice of appellee’s lien, where there was an intervening registration in another state showing the vehicle to be unencumbered, and on the basis of which intervening registration a Florida certificate of title showing no encumbrances was issued.
It has long been the law of Florida that motor vehicle liens valid in and registered under the law of the state wherein such liens were created will be enforced in this state under the rule of comity.[1]
*65 In Vincent v. General Motors Acceptance Corporation,[2] the Supreme Court reasserted the enforceability of foreign liens against motor - vehicles situate in Florida under the doctrine of comity by suits instituted in this state against subsequent innocent purchasers without notice. In discussing the rule of comity applicable to cases of this kind the court said:
“ * * * Under this rule, as applied by the great majority of courts in other jurisdictions, the lien of a conditional sales contract duly recorded in accordance with the law of the state where made and where the property was situate at the time of the contract, is superior to and has priority over the rights and claims of innocent purchasers from or creditors of the conditional vendee subsequently acquired in another state to which the chattel has been removed without the consent or knowledge of the conditional vendor. See cases collected in the annotation in 13 A.L.R.2d, beginning at page 1318.”
The reason for applying the rule of comity in such cases was adopted from an opinion written by Mr. Justice Hart in the case of Motor Inv. Co. v. Breslauer as follows:
“The rule, however, appears to be founded upon the principles of equity and natural justice. As applied to cases of the character of the one before us, it can produce no harsh or unjust results. The principle underlying it may be analogized to that upon which the owner of property stolen from him and taken or transported to another state may follow the thief into the latter state and reclaim or take possession of the pilfered goods or chattels wherever found. A state may, it is true, refuse to recognize the rule of comity in such cases; but, should it do so, -it would become a party to every such fraudulent transaction. It is not going too far to say and to hold that it is preferable and more desirable that an innocent purchaser or incumbrancer of personal property brought into a state under such circumstances as those characterizing the transaction with which we are here concerned should suffer loss, which possibly his own improvidence or want of diligence has brought to him, than that the state should assume and maintain an attitude towards such transaction which would necessarily stigmatize it as an accessory after the fact to the fraud inhering therein.” [3]
In recognizing the applicability of the rule of comity in situations of this kind, the First District Court of Appeal in Capital Lincoln-Mercury, Inc. v. General Motors Acceptance Corporation,[4] in an opinion authored by Justice Drew of the Supreme Court, said:
“The controversy arises over applicability of the rule of comity enunciated in earlier decisions of the Florida Supreme Court so as to give to liens validly created in other states priority over subsequent holders of such encumbered vehicles under the law of this jurisdiction. In the case at bar the court construed those decisions to be ‘bottomed on the strong policy of applying the rule of comity and giving full effect to the contract rights acquired and perfected under the law of the state where the contract was made and the property situate at the time, and that the courts of Florida would enforce such rights unless our statutes clearly direct otherwise.’ ”
And lastly, adherence to the rule of comity in the enforcement of liens duly record *66 ed in foreign states against motor vehicles sold in Florida to innocent purchasers for value and without notice, was recognized and followed by this Court in the case of Strickland v. Motors Acceptance, Inc.[5]
In each of the last four decisions cited above the defense was asserted that the foreign lien should not be enforced against the vehicle purchased in Florida for the reason that the purchaser acquired the vehicle without either actual or constructive knowledge that it was encumbered by a lien created in a foreign state. In each case it was shown that representations were made to the purchaser that the vehicle was unencumbered; the title certificate contained no information indicating the existence of an encumbrance; and, a search of the records of the State Motor Vehicle Commissioner in Florida failed to reveal the existence of any claim or lien against the vehicle. It was contended by the defendant purchaser that he was entitled to protection under F.S. Section 319.-22(1), F.S.A., which provides that no court of this state shall recognize any right, title or claim to a motor vehicle unless evidenced by or on a certificate of title issued in accordance with the provisions of that act. Such defenses have been uniformly rejected by the courts of this state.
In the case of Vincent v. General Motors Acceptance Corporation, supra, the Supreme Court said:
“ ‡ * * We hold, then, that the provisions of Chapter 319 were not intended to and do not ‘cut off the rights of holders of liens valid in and registered under the law of the State wherein such liens were created,’ and that such liens will be enforced in this state, under principles of comity, even as against subsequent purchasers or creditors in this state, without notice.”
The foregoing holding of the Supreme Court was followed and adhered to by the First District Court of Appeal in Capital Lincoln-Mercury, Inc. v. General Motors Acceptance Corporation, supra, and by this Court in Strickland v. Motors Acceptance, Inc., supra. We pause to note that Section 319.27(3) (f), which prescribes the type of inquiry a purchaser must make in order to protect against liability for liens recorded in foreign jurisdictions, applies only to vehicles upon which no certificate of title has been issued in Florida. This statute is not applicable to the case sub judice because a Florida title certificate had already issued before the vehicle was sold to the Florida purchaser. For this reason the latter party cannot claim the status of an innocent purchaser for value within the purview of the foregoing statute.
Our courts, however, by decisional rule of law, have engrafted an exception upon the doctrine which permits enforcement of foreign liens under the rule of -comity. The exception which appears to be manifest in the decisions on this subject protects an otherwise innocent purchaser of a motor vehicle in Florida from liability for a duly recorded foreign lien against the vehicle if such purchaser made a reasonable and diligent inquiry in the state of prior registration for the purpose of ascertaining the existence of any claims or encumbrances against the vehicle properly recorded among the records of that state. The decisions appear to hold that if an otherwise innocent purchaser for value and without notice pursues such an inquiry before purchasing the vehicle, and the inquiry fails to reveal the existence of any claims or encumbrances against the vehicle in the state of prior registration, then in that event the foreign lien will not be enforced against the vehicle in Florida, even under the rule of comity.
In the early case of McQueen v. M. & J. Finance Corp.[6] the holder of a lien against *67 a motor vehicle procured and properly recorded in the State of South Carolina was permitted to enforce its lien against a Florida purchaser of the vehicle who acquired it for a valuable consideration and without notice of any prior claims or encumbrances. Foreclosure of the South Carolina lien was permitted under the rule of comity. In rejecting the purchaser’s defense against enforceability of the lien on the ground that he was an innocent purchaser for value without notice, the Supreme Court said:
“The appellant evidently made no inquiry about a record of lien in South Carolina but accepted the representations of Taylor that the title to the property was free and clear. Conceivably, had the matter been pursued with patience and perseverance it would have been discovered that the mortgage was recorded in Spartan-burg, South Carolina, the law of that state providing that such liens be recorded in the counties. The car bore license plates of that state.
******
“Appellant was charged with knowledge of the provisions of Chapter 319, Florida Statutes 1949, and F.S.A. It would be unfeasible to detail the steps necessary in all situations to secure a certificate of title, but from a minute examination of the appropriate provisions we have concluded that he disregarded the requirements that were calculated to afford protection to all like him who purchase automobiles.”
From the foregoing decision it appears that had the purchaser of the vehicle established by proof that he had made a diligent inquiry in South Carolina, the state of prior registration, which inquiry failed to disclose the existence of the mortgage held by the plaintiff in foreclosure, then enforceability of the mortgage lien would not have been permitted in this state under the rule of comity.
In the case of Vincent v. General Motors Acceptance Corporation, supra, the defendant purchaser of the motor vehicle asserted the defense that he was an innocent purchaser without notice of the lien held by the plaintiff and recorded in the State of Georgia. The evidence revealed, however, that the purchaser failed to make any inquiry in Georgia as to the existence of the lien against the vehicle before purchasing it. In rejecting this defense, the Supreme Court said:
“It will thus be seen that the Legislature has placed squarely upon the purchaser of an out-of-state car the burden of making inquiry of the proper officials of such other state as to whether there are any outstanding liens in such state against the automobile — and which, even in the absence of an express legislative direction, this court has held to be the duty of such purchaser under the circumstances shown here. * * * There still is not — as there never has been — any statutory duty on the Motor Vehicle Commissioner of this state to make such inquiry, so that a subsequent purchaser from the original purchaser in this state of an out-of-state car has no right to rely upon the Florida title certificate as to the existence vel non of an outstanding lien in the state from which the car has been brought into this state. And since the Florida certificate of title issued on a car with a previous out-of-state registration shows on its face that the car was previously registered in such other state, * * *, such subsequent purchaser is put on notice that a lien may have attached to the car during its sojourn in that state. * * * ”
The import of the Vincent decision is that if the innocent purchaser in Florida had first made an inquiry in the state of *68 prior registration as to the existence of outstanding encumbrances or claims, and such reasonable and proper inquiry had failed to disclosed any such claims, then he would be protected against enforcement of the foreign lien under the rule of comity.
In the Strickland case, supra, this Court likewise pointed out that the purchaser of the motor vehicle involved in that case had failed to comply with the requirements of Chapter 319 with regard to the making of a proper and reasonable inquiry in the state of prior registration as to the existence of outstanding encumbrances or claims against the vehicle and, therefore, could not defend against the lien foreclosure suit on the ground that he was an innocent purchaser.
In the case of Ferry Street Motor Sales, Inc. v. Municipal Auto Sales, Inc.[7] the Third District Court of Appeal reversed a summary judgment rendered for the innocent purchaser of a motor vehicle in Florida. The suit was instituted by a nonresident corporation which held a lien against the vehicle which had been duly and properly recorded in the state where the lien was created. The defendant was a Florida corporation, which purchased the vehicle without notice of any prior liens. In reversing the summary judgment, the District Court of Appeal, speaking through Judge Carroll, said:
■ “If we were to decide the case oh the basis of the provisions and requirements of chapter 319 Fla.Stat., F.S.A., we would not hesitate to affirm the judgment. However, the judgment must be reversed, for failure to make inquiry in the foreign state as required by a rule of comity established and applied by appellate courts in this state. See McQueen v. M. & J. Finance Corp., Fla.1952, 59 So.2d 49; Livingston v. National. Shawmut Bank of Boston, Fla.1952, 62 So.2d 13; Vincent v. General Motors Acceptance Corpora tion, Fla.1954, 75 So.2d 778; May v. Citizens National Bank of Orlando, Fla.App.1958, 100 So.2d 651; Capitol Lincoln-Mercury v. General Motors A. Corp., Fla.App.1958, 105 So.2d 899; Greer v. Commercial Exchange Bank, Fla.App.1960, 118 So.2d 566. The inquiry in the instant case was not sufficient to satisfy the comity rule. See Vincent v. General Motors A. Corp., [Fla., 75 So.2d 778] supra. The summary judgment for defendant is reversed. On the undisputed facts the plaintiff was entitled to judgment.”
The foregoing decision was certified as one involving a question of great public interest, on the basis of which it was reviewed by the Supreme Court on certiorari. In agreeing with and affirming the decision by the Third District Court of Appeal, the Supreme Court commented upon the failure of the Florida purchaser to make inquiry in the state of prior registration with respect to outstanding liens and encumbrances against the vehicle. In concluding its decision the court said:
“It would have been quite simple for the petitioner to have gained the intelligence that would have saved it from its present situation, and it cannot now in good grace complain about the harshness of the rule that, by comity, would favor the respondent. Greene’s unscrupulousness may be accepted as a premise and surely the petitioner in all the circumstances we have detailed was in much better position to guard against artifice than was the respondent which held a valid lien on property of the highest degree of mobility.
“We believe the factual situation here is a classic example of the soundness of the rule of comity and we are convinced that the District Court of Appeal was correct in' its decision.
*69 “The conclusion we have reached harmonizes, we think, with the decision of the District Court of Appeal, First District, in the case of Capital Lincoln-Mercury, Inc. v. General Motors Acceptance Corporation, Fla.App., 105 So.2d 899.” [8]
 From the foregoing decisions by both the Third District Court of Appeal and the Supreme Court in the Ferry Street Motor Sales case, it appears without question that whether the holder of a motor vehicle lien duly recorded in a foreign state will be permitted to enforce that lien under the rule of comity against an innocent purchaser of the vehicle in Florida is conditioned upon whether the Florida purchaser first made a proper and reasonable inquiry in the state of prior registration of the vehicle, which inquiry failed to disclose the existence of any prior claims or encumbrances. If such inquiry is not made, then the foreign lien is enforceable in Florida under the rule of comity, even against the interest of an innocent purchaser for value and without notice. If such inquiry is made and fails to disclose the existence of the encumbrance or claim sought to be enforced, then the innocent purchaser will be protected and enforcement denied.
In the case sub judice the appellant purchaser contends that despite the rule of comity, the lien held by the appellee in this case should not be enforced by the courts of Florida. It reaches this conclusion because of the fact that appellee’s lien was not recorded either in Florida or Alabama; the Florida title certificate issued for the vehicle in question failed to disclose the existence of any encumbrances; and that the records of Alabama, the state of prior registration, likewise showed the vehicle to be free of any liens or other claims. Appellant contends that although it made no inquiry in the State of Alabama before purchasing the vehicle in Florida, that since such an inquiry would not have disclosed' appellee’s lien, the failure to make the inquiry should be excused. With this contention we cannot agree.
The Florida certificate of title which was exhibited to appellant before it purchased the vehicle bore a notation to the effect that the state of prior registration was Alabama. In order to have protected itself in this case, appellant should then have made a proper and reasonable inquiry of the State of Alabama as to what information may have been revealed by its records with respect to the vehicle, and any encumbrances or claims thereon. Considering the model of the vehicle, and the date it was registered in Alabama, appellant should have known that the Alabama registration was issued to a used or secondhand vehicle, and not one which was newly manufactured. Appellant was then on notice that the vehicle was registered in another state at the time the Alabama registration was sought and procured. If the application forms for registration of vehicles in Alabama are in any manner similar to those used in Florida, the records would have revealed that at the time Alabama issued its certificate of registration the vehicle bore Ohio license plates." Such information would have immediately led appellant to an inquiry into the records of the State of Ohio respecting the existence of any outstanding claims or encumbrances against the vehicle in that State. Such an inquiry would likely have revealed the existence of appellee’s chattel mortgage which had been duly and properly recorded in that jurisdiction. For having failed to protect itself by making the necessary inquiry required in order to relieve it from liability for the lien under the rule of comity, appellant is not now in any position to complain.
*70 We have carefully considered appellant s remaining point on appeal, but find it to be without substantial merit.
For the foregoing reasons the judgment appealed is affirmed.
SHANNON, Acting C. J., and ANDREWS, J., concur.

. Livingston v. National Shawmut Bank of Boston, Fla.1952, 62 So.2d 13.

. Vincent v. General Motors Acceptance Corporation, Fla.1954, 75 So.2d 778.

. Motor Inv. Co. v. Breslauer, 64 Cal.App. 230, 221 P. 700, 703.

. Capital Lincoln-Mercury, Inc. v. General Motors Acceptance Corporation, Fla. App.1958, 105 So.2d 899.

. Strickland v. Motors Acceptance, Inc., Fla.App.1960, 126 So.2d 156.

. McQueen v. M. & J. Finance Corp., Fla. 1952, 59 So.2d 49.

. Ferry Street Motor Sales, Inc. v. Municipal Auto Sales, Inc., Fla.App.1962, 137 So.2d 842.

. Municipal Auto Sales, Inc. v. Ferry Street Motor Sales, Inc., Fla.1962, 143 So.2d 323, 326-327.