122 So.2d 618 (1960)
Huey T. YOUNG, Appellant,
v.
SANDS, INC., a Nevada Corporation, Appellee.
No. 59-620.
District Court of Appeal of Florida. Third District.
August 19, 1960.
Rehearing Denied September 20, 1960.
*619 Sibley, Grusmark, Barkdull & King, Miami Beach, for appellant.
Snyder & Young, No. Miami Beach, for appellee.
PER CURIAM.
Appellee, plaintiff below, brought this action to collect the amount of a bank check alleged to have been delivered to appellee by appellant, defendant below, in the amount of $1,600 drawn to the order of cash. Appellant admitted drawing the check but pleaded the affirmative defense that the check was given for money advanced for the purpose of gambling at a casino in appellee's hotel and that appellee had knowledge of that intent. At a trial without jury judgment was rendered for appellee and it is from that judgment this is taken.
The affirmative defense is based on § 849.26, Fla. Stat., F.S.A., which provides as follows:
"Gambling contracts declared void; exception All promises, agreements, notes, bills, bonds or other contracts, mortgages or other securities, when the whole or part of the consideration if for money or other valuable thing won or lost, laid, staked, betted or wagered in any gambling transaction whatsoever, regardless of its name or nature, whether heretofore prohibited or not, or for the repayment of money lent or advanced at the time of a gambling transaction for the purpose of being laid, betted, staked or wagered, are void and of no effect; provided, that this act shall not apply to wagering on parimutuels or any gambling transaction expressly authorized by law."
This act was passed by the Legislature of Florida in 1951 but a search reveals that this is the first appearance that said act has made in an appellate court of this state.
The clear language of this act provides that a check given for the repayment of money lent or advanced at the time of a gambling transaction for the purpose of being wagered is void. A gambling obligation although valid in the state where created can not be enforced in Florida because it is contrary to public policy. See Lloyd v. Cooper Corporation, 101 Fla. 533, 134 So. 562; Union Trust Co. v. Grosman, 245 U.S. 412, 38 S.Ct. 147, 62 L.Ed. 368.
The plaintiff introduced the check into evidence and presented the deposition of the credit manager of the Sands Hotel of Las Vegas, Nevada, which was in the form of answers to interrogatories. Thereby, the credit manager said that the hotel was operated by the plaintiff corporation and that he cashed the check in the course of his employment. Important in the credit manager's testimony were the statements that the defendant received cash for the check and that on cashing the check he had no knowledge of the purpose for which the defendant intended to use it. The defendant's testimony was to the contrary on those two points. He testified that $1,000 of the $1,600 represented by the check was withheld to repay the gambling casino for $1,000 which he had borrowed at the gambling tables and lost, and that for the balance of $600 of the check he received chips for use in gambling.
Thus there was a conflict in the testimony as to the nature of the payment which was made on the check and as to whether the party cashing the check had *620 knowledge of a purpose to use or apply the proceeds in gambling. While it is hard to believe that such a transaction conducted in a gambling casino in a Las Vegas hotel could be disassociated from gambling so as to escape invalidity under the statute, it was for the trial judge, acting without a jury, to resolve the conflicts, weigh the evidence and draw the reasonable inferences therefrom, and the judgment for the plaintiff was not against the manifest weight of the evidence.
Affirmed.
HORTON, C.J., CARROLL, CHAS., J., and ODOM, ARCHIE M., Associate Judge, concur.