202 So.2d 830 (1967)
DORADO BEACH HOTEL CORPORATION, a Delaware Corporation, Appellant,
v.
W.A. JERNIGAN, Appellee.
No. I-356.
District Court of Appeal of Florida, First District.
September 12, 1967.
Williams, Salomon & Kenney, Miami, for appellant.
Gillis E. Powell, Crestview, for appellee.
RAWLS, Judge
Dorado Beach Hotel Corporation has appealed from a summary final judgment denying it the right to collect a gambling debt in Florida. The sole question is, Can a gambling obligation valid in Puerto Rico where created be enforced in Florida?
W.A. Jernigan, a Florida resident, while in Puerto Rico where casino gambling is legal, gambled in Appellant's licensed casino, lost money and gave Appellant a check for $6,000.00 to pay for his losses. Jernigan then stopped payment on the check, and the Hotel brought this action in Florida. The trial judge entered summary final judgment for defendant on the grounds that the debt was uncollectable *831 by virtue of Section 849.26, Florida Statutes, F.S.A. We are in accord with the pronouncement in Young v. Sands, Inc., 122 So.2d 618 (Fla.App.3d, 1960), to the effect that a gambling obligation although valid in the state where created cannot be enforced in Florida because it is contrary to public policy, and therefore affirm.
The public policy of this State is that the forms of gambling made legal are contests staged for those seeking pleasure in the State  primarily tourists. These contests are staged between men, horses or dogs, and part of the entertainment afforded to the spectators is the State's permission to wager on the outcome of these restricted events provided the State receives its "cut of the take". In essence the public policy of the State of Florida is established to permit a restricted type of gambling which is incidental to spectator sports. This State has consistently refused to permit gambling on non-spectator sports such as bookie parlors, football parlors, et cetera. Thus, the public policy of the State of Florida is well established that the State will condone certain selected forms of gambling, but it has likewise been established that the State will not lend its judicial arm to the collection of monies wagered in such enterprises not authorized by the law of the State of Florida. Although many efforts have been made to obtain legal sanction for wagering at gaming tables, such authorization has never been given; and should a citizen of the State of Florida lose at a gaming table in the State, clearly the operator could not collect through the judicial processes. It is our conclusion that this forum will not extend its judicial arm to aid in the collection of this type gambling debt whether the transaction giving rise to the loss arose in Nevada, Puerto Rico or Monte Carlo.
Affirmed.
WIGGINTON, C.J., and SPECTOR, J., concur.