203 So.2d 1 (1967)
Joseph CERNIGLIA, Petitioner,
v.
C. & D. FARMS, INC., et al., Respondents.
C. & D. FARMS, INC., et al., Cross-Petitioners,
v.
Joseph CERNIGLIA et al., Cross-Respondents.
No. 35795.
Supreme Court of Florida.
October 4, 1967.
Rehearing Denied October 26, 1967.
*2 Shutts & Bowen and Thomas H. Anderson, Miami, for petitioner-cross-respondents.
Dixon, DeJarnette, Bradford, Williams, McKay & Kimbrell, and Carl K. Hoffmann, Miami, for respondents-cross-petitioners.
PER CURIAM.
By petition for writ of certiorari the petitioner urges that the decision of the District Court of Appeal, Third District, reported as C. & D. Farms, Inc. v. Cerniglia, Fla.App. 1966, 189 So.2d 384, conflicts with the decision of the District Court of Appeal, Second District in Matthews v. Matthews, 177 So.2d 497 (Fla.App. 1965). In the last paragraph of its opinion, the district court refused to consider questions raised by the appellee there because the appellee had not filed cross-assignments of error. In support of its holding on this issue, the district court cited the case of Florida Board of Pharmacy v. Hall, Fla.App. 1963, 157 So.2d 824. The latter case was expressly overruled by this court in Hall v. Florida Board of Pharmacy, Fla. 1965, 177 So.2d 833. This is a classic situation of conflict. The subject decision of the district court also conflicts on the same point of law with that of the District Court of Appeal, Second District, in Matthews v. Matthews, supra. We have found the necessary conflict in the decisions and so have jurisdiction of this cause.
The facts of the cause are stated in the published opinion of the district court. We will not repeat them.
The first issue for decision is whether a non-competition agreement in the contract sub judice is unenforceable as against public policy, and if so, is it unenforceable only in Florida as the district court held, or in its entirety as the Chancellor decided. We find that the district court properly held that Florida's public policy and statutes cannot be applied to a foreign contract to void its operation elsewhere. If performance, in Florida, of a foreign made contract is repugnant to our public policy it is unenforceable here, but not necessarily void or unenforceable in other jurisdictions. Griffin v. McCoach, 313 U.S. 498, 61 S.Ct. 1023, 85 L.Ed. 1481 (1941); Leflar, Conflicts of Laws, §§ 126-7 (1959). The Chancellor and the district court found the contract not to compete was unreasonable. We will not disturb these rulings. Davis v. Ebsco Industries, Inc., 150 So.2d 460 (Fla.App. 1963).
The second issue is whether or not the petitioner, appellee below, was entitled to assert below that the covenant not to compete lacked mutuality of obligation. The petitioner, as plaintiff, had raised this point before the Chancellor. In his decree, the Chancellor stated that while he was inclined to the view that the executory and optional remainder of the contract was void for want of mutuality, his finding that it was unenforceable because against public policy made it unnecessary to rule on the question of mutuality. The district court refused to consider the question of mutuality because the plaintiff-appellee had not filed a cross-assignment of error. This was error. In Hall v. Florida Board of Pharmacy, supra, this court specifically held that the appellee may advance reasons to support the judgment under attack which may differ *3 from those given by the lower court without filing cross-assignment of error. This, of course, is true only when the appellee seeks to support the judgment of the lower court. As we understand this cause, that is what the appellee below, petitioner here, was trying to do by his argument that the contract involved was bad for want of mutuality as well as conflicting with the public policy of this state, the ground relied upon by the Chancellor.
Under the Chancellor's decree the petitioner  Cerniglia  had received all the relief he had asked for, i.e., that the executory remainder of the contract was unenforceable per se on public policy grounds. However, when the district court held that contract was unenforceable on this ground only in Florida the issue of mutuality became all important. If, under applicable law, the contract is found to be lacking in mutuality of obligation the contract can be void in its entirety and everywhere. Scudder v. Union National Bank of Chicago, Ill., 91 U.S. 406, 23 L.Ed. 245 (1875); Walling v. Christian & Craft Grocery Co., 41 Fla. 479, 27 So. 46 (1899); Buenger v. Kennedy, 151 So.2d 463 (Fla.App. 1963); Castorri v. Milbrand, 118 So.2d 563 (Fla. App. 1960). If petitioner should succeed on this point the validity of the contract everywhere will have been settled, whereas, if he must rely on public policy relating to such contracts he will be required to litigate the unenforceable nature of the contract in each state covered therein.
Petitioner is entitled to a decision on the issue of mutuality of obligation. In order that he have it we remand the cause to the district court with direction that it consider that issue and any others properly presented to it under our decision in Hall v. Florida Board of Pharmacy, supra.
On remand the district court may take note of petitioner's attempts to supplement the record here to show matters which occurred after the Chancellor entered his decree. If deemed wise the district court may relinquish jurisdiction to the Chancellor for further proceedings.
It is so ordered.
CALDWELL, C.J., and DREW, THORNAL, O'CONNELL and ERVIN, JJ., concur.