277 So.2d 799 (1973)
Anna C. JOWANOWITCH, a Minor, by and through Her Mother, Next Friend and Natural Guardian, Rogeria Jowanowitch, and Rogeria Jowanowitch, Individually, Appellants,
v.
FLORIDA POWER & LIGHT COMPANY, a Florida Corporation, et al., Appellees.
No. 72-320.
District Court of Appeal of Florida, Fourth District.
May 23, 1973.
Larry Klein, Cone, Wagner, Nugent, Johnson & McKeown, West Palm Beach, for appellants.
Charles M. Rieders, Vocelle, Harris & Rieders, Merritt Island, for appellees Tom's Ski School and Tom Winar.
REED, Chief Judge.
On 17 February 1972 the plaintiffs filed an amended complaint in the Brevard County Circuit Court against Florida Power and Light Company, Tom's Ski School, Inc., Tom Winar, Mac Gregor Yacht Corporation, and King Halikman alleging various acts of negligence which resulted in injuries to the minor plaintiff, Anna C. Jowanowitch, on 5 July 1971 when she was a passenger on a 22-foot sailboat under the command of defendant King Halikman in the navigable waters of the Banana River.
As to the defendants Tom Winar and Tom's Ski School, Inc., the complaint charged that Winar, acting for and on behalf of Tom's Ski School, Inc., negligently entrusted the boat to King Halikman who was known to Winar to be unfamiliar with the hazards of the waters where the boat was to be operated. On motion by Winar and Tom's Ski School, Inc., the complaint *800 was dismissed as to them. When the plaintiffs failed to amend as to said defendants, a final judgment was entered in favor of Winar and Tom's Ski School, Inc. This appeal followed.
The issue is whether or not the amended complaint states a cause of action against defendants Winar and Tom's Ski School, Inc.
There seems to be no contention by the parties that the pleading is defective in its basic allegations of negligence. Indeed it appears that an owner of a boat who negligently entrusts it to an incompetent operator may be liable for damages proximately resulting therefrom. See Strom v. Anderson, W.D.N.Y. 1953, 114 F. Supp. 767; Cashell v. Hart, Fla.App. 1962, 143 So.2d 559, 561; cf. Rautbord v. Ehmann, 7th Cir.1951, 190 F.2d 533, 539. The dismissal was apparently based on F.S., § 371.52, F.S.A. 1971 which in pertinent part provides:
"... Liability for negligent operation of a boat shall be confined to the person in immediate charge or operating the boat and not the owner of the boat, unless he is the operator or present in the boat when any injury or damage is occasioned by the negligent operation of such vessel, whether such negligence consists of a violation of the provisions of the statutes of this state, or negligence in observing such care and such operation as the rules of the common law require."
As secondary support for the dismissal, the appellees contend that the boat in question was leased on a bareboat charter to King Halikman, and the effect of such an arrangement is to immunize the boat owner from personal liability for damages.
As to the effect of the statute, it is our conclusion that same was not intended to grant a boat owner immunity from liability to an injured person where the boat owner fails to use reasonable care in entrusting the boat to another and, as a proximate result of such negligence, injuries are occasioned to the third party. In this regard, we agree entirely with the opinion expressed by the Second District Court of Appeal in footnote 4 in Cashell v. Hart, supra. Were we to accord the statute the broad sweep contended for by the appellees, commercial boat renters (and others) could entrust their "dangerous instrumentalities" to anyone  no matter how unqualified  and enjoy personal immunity from damages readily foreseeable from such entrustment. Without a more specific expression of legislative intent, we hestitate to construe the statute as mentioned.
Because of the view we take of the statute, we need not decide whether or not the statute would be inapplicable on the ground of inconsistency between it and substantive principles of maritime law which  on the basis of the facts alleged in the complaint  govern the rights and liabilities of the parties to the action. See Kermarec v. Compagnie Generale Transatlantique, 1959, 358 U.S. 625, 79 S.Ct. 406, 3 L.Ed.2d 550; Chapman v. City of Grosse Pointe Farms, 6th Cir.1967, 385 F.2d 962; Rountree v. A.P. Moller Steamship Company, Fla. App. 1969, 218 So.2d 771, 774.
Insofar as the argument by the appellees based on the assumption that a bareboat charter existed between them and King Halikman, we need only point out that the allegations of the complaint for purposes of a motion to dismiss must be taken as true and, on the basis of those allegations, the arrangement between Halikman and appellees did not appear to be a bareboat charter. If such a commercial contract did in fact exist between these parties, the appellees should plead the same by way of affirmative defense, if they consider it to be in their interest.
The judgment appealed from is reversed, and the cause is remanded for further proceedings consistent herewith.
OWEN and MAGER, JJ., concur.