## HILTON INTERNATIONAL CO. v. CARBONE.
### No. 77-5561.
County Court, Broward County.

November 2, 1977.

Matthew D. Margoles, Miami, for the plaintiff.

Robert A. Urban, Fort Lauderdale, for the defendant.

EUGENE S. GARRETT, County Court Judge.

*Final judgment:* This matter was tried by the court on October 17, 1977. This court, having heard testimony, reviewed the exhibits introduced into evidence, and considered the arguments of counsel and their memorandums of law, makes the following determinations of fact and conclusion of law —

### Statement of facts

On June 6, 1971 the defendant, Frank Carbone, signed two promissory notes, each in the amount $500, each payable to the plaintiff, Hilton International Co., d/b/a Caribe Hilton Hotel. Said debt arising from monies advanced to the defendant for the purpose of his using the plaintiff's gambling facilities in Puerto Rico, which use if done in the state of Florida would be unlawful.

Said notes each contained a clause on the face thereof that any subsequent service of process on said maker (defendant) would be according to the laws of the Commonwealth of Puerto Rico.

On November 14, 1972 the plaintiff obtained a judgment on said notes in the amount of $1,250 in the district court of Puerto Rico, with a finding of proper service on defendant incorporated within said judgment.

On April 20, 1977 the plaintiff filed a complaint in this court against the defendant demanding judgment upon the aforesaid foreign judgment.

### Conclusions of law

It is said that the courts of the forum (Florida) need not recognize the status or rights incident to an adjudication which are contrary to the public policy of the law of the forum. 19 Fla. Jur., *Judgments* and *Decrees*, §352.

Gambling obligations although valid in the place where created cannot be enforced in Florida because enforcement would be contrary to public policy. F.S.A. §849.26; *Young v. Sands, Inc.,* 122 So.2d 618 (Fla 3rd DCA,. 1960) ; *Dorado Beach Hotel Corporation v W. A. Jernigan,* 202 So.2d 830 (Fla. 1st DCA, 1967).

(Florida) will not extend its judicial arm to aid in the collection of (a) gambling debt whether the transaction giving rise to the loss arose in Nevada, Puerto Rico or Monte Carlo. *Dorado Beach Hotel v. W. A. Jernigan,* supra at 831.

Based upon the foregoing, it is therefore ordered and adjudged that plaintiff, Hilton International Co., d/b/a Caribe Hilton Hotel, take nothing by this action and that defendant, go hence without day for the reason that the public policy of the state of Florida forbids the enforcement of gambling obligations which are invalid under the laws of this state and it is immaterial to such public policy whether the judicial arm of this state is sought to enforce a gambling debt action brought in this state's jurisdiction or to enforce a judgment based upon a gambling debt which is obtained in a foreign jurisdiction.