448 So.2d 37 (1984)
ANDERSON CONTRACTING COMPANY, INC., Appellant,
v.
ZURICH INSURANCE COMPANY, Fireman's Fund Insurance Company, et al., Appellees.
No. AW-79.
District Court of Appeal of Florida, First District.
March 27, 1984.
Paul M. Harden, of Smith, Davenport, Bloom & Harden, Jacksonville, for appellant.
James B. Fensom, of Barron, Redding, Boggs, Hughes, Fite, Bassett & Fensom, Panama City, for appellee Zurich Ins. Co.
David A. Sapp, of Bell, Hahn & Schuster, Pensacola, for appellee Fireman's Fund.
BARFIELD, Judge.
Anderson Contracting Company, Inc. (Anderson) appeals a summary judgment in favor of Zurich Insurance Company (Zurich) in which Zurich was awarded *38 immediate possession of property. We have jurisdiction under Rule 9.130(a)(3)(C)(ii), Florida Rules of Appellate Procedure. We do not have jurisdiction to review the summary judgment granted to Fireman's Fund Insurance Company (Fireman's Fund) because the notice of appeal was not timely filed. We affirm the summary judgment for Zurich.
The issues raised on this appeal are whether the trial court erred in (1) failing to apply the law of Louisiana in determining the property rights of the parties; (2) granting a motion for summary judgment in favor of defendants on their respective "counterclaims" when no notice of hearing on the motion was given to plaintiff; and (3) granting a summary judgment as to Zurich simultaneously with the filing of the counterclaim and motion for summary judgment thereon. We find no merit in Anderson's arguments as to issues (2) and (3). As to issue (1), our affirmance of the trial court's holding that Florida law applies is based on the public policy of Florida.
Each of the appellees, Zurich and Fireman's Fund, insured a Caterpillar tractor. Both of the tractors were stolen in Texas and were sold to Southeast Equipment Company (Southeast), a Louisiana company which sells used heavy equipment. Southeast subsequently sold both tractors to Ring Power Corporation (Ring Power), which sells new and used heavy Caterpillar equipment. Ring Power had the tractors transported to Florida where they were sold to Anderson. The insurance companies paid the claims on the stolen tractors. When the tractors were found in Florida, this litigation ensued.
Anderson argues that, under the rule of comity, the trial court should have applied Louisiana law, which Anderson asserts would require the true owner to reimburse the subsequent purchaser upon recovery of the stolen property. Comity does not require Florida public policy to be supplanted by foreign law. Comity is not a rule of law, but of practice, convenience and expediency. Where it would be contrary to the statutory law or contravene some established and important policy of the forum state, it is not applied. See Gillen v. United Services Automobile Association, 300 So.2d 3 (Fla. 1974) (New Hampshire's law enforcing "other insurance" clauses in auto policies contrary to Florida public policy against such clauses); Cerniglia v. C. & D. Farms, Inc., 203 So.2d 1 (Fla. 1967) (contract not to compete repugnant to Florida's public policy, therefore unenforceable in Florida); Sherbill v. Miller Manufacturing Company, 89 So.2d 28 (Fla. 1956) (waiver of homestead exemption as to debt contrary to policy of Florida's exemption laws); Dorado Beach Hotel Corp. v. Jernigan, 202 So.2d 830 (Fla. 1st DCA 1967) and Young v. Sands, Inc., 122 So.2d 618 (Fla. 3d DCA 1960) (both concerned with gambling debts unenforceable in Florida).
It has generally been held by Florida courts that the old English common law principle of title acquired by purchase and sale in open market does not apply in this country and that, in the absence of some intervening principle of estoppel, one cannot convey a better title than he has and conversely, one cannot claim a better title than he, in fact, receives. Dicks v. Colonial Finance Corporation, 85 So.2d 874 (Fla. 1956); Commercial Credit Co. v. Parker, 101 Fla. 928, 132 So. 640 (1931); Federal Insurance Company v. Mercer, 237 So.2d 243 (Fla. 4th DCA 1970); Avis Rent-A-Car System, Inc. v. Harrison Motor Company, 151 So.2d 855 (Fla. 2d DCA 1963); R.S. Evans Motors of Jacksonville, Inc. v. Hanson, 130 So.2d 297 (Fla. 2d DCA 1961).
Where an owner has voluntarily parted with possession of his chattel, even though induced by a criminal act, a bona fide purchaser can acquire good title, under the theory that where one of two innocent parties must suffer because of the wrongdoing of a third person, the loss must fall on the party who by his conduct created the circumstances which enabled the third party to perpetuate the wrong. Southeast Foods, Inc. v. Penguin Frozen Foods, 203 So.2d 39 (Fla. 3d DCA 1967); Joel Strickland *39 Enterprises, Inc. v. Atlantic Discount Company, 137 So.2d 627 (Fla. 1st DCA 1962). However, no such estoppel argument can be advanced against an owner of property that is stolen and subsequently sold to an innocent purchaser. It is the public policy of Florida that one in possession of stolen property, even if he has innocently purchased it from a "dealer", has no possessory or ownership right to the property as against the rightful owner from whom the property was stolen, since the dealer could convey no better title than he received from the thief.
AFFIRMED.
MILLS and WENTWORTH, JJ., concur.