450 So.2d 1245 (1984)
BROWN & ROOT, INC., a Foreign Corporation, Appellant,
v.
RING POWER CORPORATION, a Corporation Authorized to Do Business in the State of Florida, Appellee.
No. 83-379.
District Court of Appeal of Florida, Fifth District.
June 7, 1984.
Robert W. Batsel of Ayers, Cluster, Curry, McCall & Briggs, P.A., Ocala, for appellant.
Paul M. Harden, Jacksonville, for appellee.
COBB, Judge.
Brown & Root, Inc. (hereinafter Brown), appeals from a final summary judgment denying it a writ of replevin to recover possession of a Caterpillar loader stolen from it in Houston, Texas. The facts, as ascertained by the trial court, are set forth in the judgment:
1. On March 4, 1979, BROWN & ROOT, INCORPORATED, purchased from Mustang Tractor Equipment Company a 920 wheel loader. Thereafter on *1246 March 26, 1982, said 920 wheel loader was stolen from Brown & Root.
2. On April 3, 1982, Southeastern [sic] Equipment Company, Incorporated, a Louisiana corporation, purchased from Stevens Equipment Company, a Texas corporation, the wheel loader stolen from Brown & Root on March 26, 1982. Thereafter, on April 6, 1982, Ring Power Corporation, a Florida corporation, purchased from Southeastern [sic] Equipment Company, Incorporated, the same 920 wheel loader for $29,500.00. Said transaction took place in Kenner, Louisiana.
3. Thereafter, Ring Power Corporation brought the 920 wheel loader to its office in Ocala, Florida.
4. Article 524 of the Civil Code of the state of Louisiana provides in pertinent part as follows:
"the owner of a lost or stolen moveable may recover it from a possessor who bought it in good faith in a public auction or from a merchant customarily selling similar things or [sic] reimbursing the purchase price."
5. That the laws of the state of Louisiana do not require that a purchaser who purchased lost or stolen moveables from a possessor in good faith at a public auction or from a merchant customarily selling similar things to hold the property for three years despite the wording of Article 3506 of the Civil Code of the state of Louisiana (same not having been repealed until January 1, 1983).
6. The laws of the state of Louisiana control the property rights of Ring Power Corporation with regard to the equipment in that the state of Louisiana is the situs of the property at the time of the purchase. Greer vs. Commercial and Exchange Bank, 118 So.2d 566; 6 Fla. Jur. Conflict of Law § 25.[1]
Pursuant to those findings, the trial court denied Brown a writ of replevin, ruled for Ring Power on its counterclaim, and held that Brown could take possession of the loader only upon reimbursement to Ring of the sum of $29,500.00, Ring's purchase price, within thirty days of the judgment. This appeal ensued.
The trial court's factual findings in paragraph 1 omit the undisputed facts that the original purchase of the loader by Brown occurred in Texas, and that the theft from Brown occurred in Texas. Nothing in the record before us suggests Brown has any connection or contact with the State of Louisiana in either a contractual or tortious context. Nevertheless, the applicability of Texas law was not raised as an issue before either the trial court or on appeal. Instead, in the proceedings below, Brown argued Florida law was applicable as the contract between Ring Power and Southeast was made in Florida. Ring contended its right of possession arose out of Louisiana law, as the contract for its purchase was made in that state. The court agreed with Ring and applied Louisiana law, which requires the owner, as a prerequisite to recovery of his property, to reimburse an innocent purchaser in possession.
Unlike Louisiana, Florida follows the general rule that one who acquires possession of property by theft cannot confer good title by its sale, even to a bona fide purchaser. Avis Rent-A-Car System, Inc. v. Harrison Motor Co., 151 So.2d 855 (Fla. 2d DCA 1963). At best, a purchaser in good faith has the title and right to possession of the property against all except the rightful owner. 67 Am.Jur.2d Sales 256. However, Florida now recognizes that a voidable title may be successfully perfected by the ultimate buyer who purchases for a valid consideration and without notice of the title defect where the rightful owner lost possession through conversion *1247 following entrustment. Carlsen v. Rivera, 382 So.2d 825 (Fla. 4th DCA 1980); see § 672.403, Fla. Stat. (1981).
The reasoning that Ring's right of possession arises out of Louisiana law because its contract for purchase was made in that state applies equally to Brown so that Texas law should determine its right of possession, since Brown purchased the loader in Texas and that was the situs of the theft. Cf., State Farm Mutual Automobile Ins. Co. v. Olsen, 406 So.2d 1109 (1981). Texas, unlike Louisiana, follows Florida's position that a thief cannot defeat an owner's title. Saenz Motors v. Big H. Auto Auction, Inc., 653 S.W.2d 521 (Tex.Civ.App. 13th Dist. 1983), affirmed, 665 S.W.2d 756 (Texas 1984); Chapman Motors, Inc. v. Taylor, 506 S.W.2d 724 (Tex.Civ.App. 10th Dist. 1974); Jamison v. Sockwell, 405 S.W.2d 618 (Tex.Civ.App. 5th Dist. 1966); McKinney v. Croan, 144 Tex. 9, 188 S.W.2d 144 (Tex. 1945).
Therefore, as between the law of Texas and that of Louisiana, the lower court would have been correct in applying Texas law, which is consistent with Florida's position. However, Brown did not raise below or on appeal the issue of the applicability of Texas law. In fact, it can be said Brown invited the error of applying Louisiana law because it relied on the theory, albeit the wrong theory, that the applicable law was the law of the state in which the contract between Ring and Southeast was made. See: Bould v. Touchette, 349 So.2d 1181 (Fla. 1977).
The facts adduced before the trial court adequately support its finding, as a matter of law, that the contract between Ring and Southeast took place in Louisiana rather than in Florida, as Ring contended. The sole viable issue left for appellate review is whether this state should recognize and enforce the Louisiana law cited in the trial court's judgment. We must do so unless that law contravenes a positive policy of the law of Florida, the forum state. See 16 Am.Jur.2d Conflict of Laws § 6. This issue has been preserved by appellant for our consideration.
The appellant contends Louisiana law in this regard is contrary to section 672.403, Florida Statutes (1981), the common law, the Uniform Commercial Code and "the law of the remainder of the states in the United States." In urging the public policy argument for declining to enforce Article 524 of the Civil Code of the State of Louisiana, the appellant states:
Only in Louisiana can a thief defeat the property rights of the true owner. The essence of the Lower Court's ruling is that any item purchased from a merchant customarily selling similar things is then owned by the purchaser free and clear of the original and true owners claim. Basically, the Lower Court interprets the law of Louisiana to allow a person to steal a loader in Florida on Monday night, remove it to Louisiana the same day and sell it to a dealer in Louisiana and this "merchant customarily selling similar things" can then immediately sell the loader to a Florida resident by telephone and the Florida resident purchasing the loader then defeats the ownership rights of the original Florida owner. Under the Louisiana law, as interpreted by the Lower Court, the original Florida owner could recover the loader only if [sic] on the payment of the purchase price.
This is repugnant to common sense, the law of Florida, the other forty-nine states and encourages theft, theft rings, and organized crime. As the depositions reveal in this case, Southeast purchased five pieces of heavy equipment from the same source and all five had been stolen. Regardless of the "title" or lack of "title" the purchaser from a Louisiana business gets good title.
In Florida a purchaser cannot obtain clear title from a thief to defeat the original owner. The most a bona fide purchaser for value in Florida can obtain from a thief is superior title to everyone except the original owner. Section 672.403, Florida Statutes.

The law of Florida is clear that the rules of comity may be departed from when *1248 the laws of another state are repugnant to the laws of the State of Florida or when those laws violate the public policy of the State of Florida. Herron v. Passailaigue [92 Fla. 818], 110 So. 539 (Fla. 1926).
The appellee, on the other hand, argues that a mere difference between the laws of Louisiana and Florida, standing alone, does not mandate departure from the rules of comity. See Warner v. Florida Bank & Trust Co., 160 F.2d 766 (5th Cir.1947); 10 Fla.Jur.2d Conflict of Laws § 14. In response to appellant's "common sense" argument relating to the encouragement of theft and organized crime, Ring urges that Article 524 allows a possessor of property to avail himself of its protection when (1) he purchased the property in "good faith," and (2) he purchased at a public auction or from a merchant customarily selling similar things. As to the reasonableness of the Louisiana approach, as compared to that of Florida and other states, Ring argues:
The Louisiana law seeks to make a fair determination when dealing between two innocent purchasers, that is an owner who has lost equipment and a good faith purchaser who has done nothing wrong. The Louisiana legislative body reasoned: A good faith purchaser cannot protect himself through the purchase of insurance or any other means whereas the owner of the lost equipment can insure against such loss. The law of the State of Louisiana seeks under this rationale to provide a fair and equitable means of division of losses and clearly is not intended to encourage thievery. An attempt to cause finality in commercial sales and a fair outcome based on sound reasoning is surely not contrary to the public policy of the State of Florida.
What, then, is "public policy" in regard to this unique factual situation? Although Florida case law is clear that a thief cannot confer good title by sale, no Florida statute or constitutional provision directly addresses the clash between the rights of an "innocent" theft victim and an "innocent" purchaser of stolen property. The difficulties inherent in any attempt to concisely define the term "public policy" so as to confidently apply it to varying factual situations are elucidated at length in Atlantic Coastline R.R. Co. v. Beazley, 54 Fla. 311, 45 So. 761 (1907). Various writers quoted in that opinion have characterized the term as "an unruly horse," "a matter of individual opinion," "political expedience," and a matter of "the habits and fashions of the day."
In Herron v. Passailaigue, 92 Fla. 818, 110 So. 539 (1926), cited by both the appellant and the appellee, the general rule governing comity is set forth in a quotation from Joyner v. Joyner, 131 Ga. 217, 62 S.E. 182 (1908):
[I]n a proper case the laws and judicial proceedings of one state will be enforced in another state, provided they do not involve anything immoral, contrary to general policy, or violative of the conscience of the state called upon to give them effect.
Id. 110 So. at 544.
In State Farm Mutual Automobile Ins. Co. v. Olsen, 406 So.2d 1109 (Fla. 1981), the Florida Supreme Court was confronted with the issue of whether the public policy of Florida favoring the doctrine of comparative negligence over the doctrine that contributory negligence completely bars a calimant would prevent the enforcement of Illinois law in Florida as the forum state. The Supreme Court, despite the strong policy language in Hoffman v. Jones, 280 So.2d 431 (Fla. 1973), and the existence of legislation implementing comparative negligence, opted to enforce Illinois law as paramount to Florida law. If enforcement of the "unjust and inequitable"[2] concept of contributory negligence as a bar does not defeat comity, it seems reasonable to argue that Louisiana's approach to the respective rights of two innocent parties (rightful owner and ultimate purchaser for value) should not defeat comity.
In a recent case emanating from the First District, the same question which confronts *1249 us here was answered in favor of the victim of the theft and against the ultimate purchaser. In Anderson Contracting Company, Inc. v. Zurich Ins. Company, 448 So.2d 37 (Fla. 1st DCA 1984), Judge Barfield, writing for the court, said:
Comity does not require Florida public policy to be supplanted by foreign law. Comity is not a rule of law, but of practice, convenience and expediency. Where it would be contrary to the statutory law or contravene some established and important policy of the forum state, it is not applied... . It is the public policy of Florida that one in possession of stolen property, even if he has innocently purchased it from a "dealer," has no possessory or ownership right to the property as against the rightful owner from whom the property was stolen, since the dealer could convey no better title than he received from the thief.
The First District opinion relied primarily on three Florida Supreme Court cases for its conclusion: Gillen v. United Services Automobile Assn., 300 So.2d 3 (Fla. 1974); Cerniglia v. C & D Farms, Inc., 203 So.2d 1 (Fla. 1967); Sherbill v. Miller Mfg. Co., 89 So.2d 28 (Fla. 1956). These cases, respectively, denied comity based on Florida public policy in regard to "other insurance clauses" in a New Hampshire auto policy, a contract not to compete, and a waiver of homestead exemption as to debt.
We agree with the conclusion of our sister court in Anderson, despite our difficulties in reconciling Olsen with the prior Florida Supreme Court cases cited above. Accordingly, the judgment below is reversed and this cause remanded for entry of judgment for the appellant.
REVERSED and REMANDED.
ORFINGER, C.J., and CYCMANICK, M.F., Associate Judge, concur.
NOTES
[1] The trial court's reliance on the case of Greer v. Commercial & Exchange Bank, 118 So.2d 566 (Fla. 2d DCA 1960), is misplaced. That case held that a Georgia bank that loaned money on a car purchased in Georgia by a non-resident, and failed to record its lien in the county of sale as required by Georgia law, could not prevail on that lien as against an innocent purchaser for value and without notice. The purchase by the defendant therein was from the true owner; no theft broke the chain of title.
[2] Hoffman at 436.