PALMER, WILLIAM D„ Associate Judge.
Christine Stubbs appeals the final order entered by the trial court dismissing her complaint with prejudice. Concluding that the complaint states a cognizable cause of action and that the trial court improperly looked beyond the four corners of the complaint in ruling on the motion to dismiss, we reverse.
In her complaint Stubbs alleged that, while a patient at Plantation General Hospital, she fell and injured herself as a result of the hospital’s negligence. More specifically, the complaint alleged that defendant Lorenzo Rivera, while acting as an orderly for the hospital, directed Stubbs to move from a test bed to a gurney and that she asked for assistance because she was feeling nauseous and dizzy and then began vomiting on the test bed. The complaint further alleged that Rivera began yelling at Stubbs to move onto the gurney and that when she attempted to comply, she fell to the floor thereby sustaining physical injury.
Rivera and Surgi-Staff, Rivera’s alleged employer, filed a motion to dismiss the complaint for lack of subject matter jurisdiction. The motion alleged that Stubbs’ claims were based upon professional negligence, not ordinary negligence, and thus were barred by the two-year statute of limitations applicable to professional negligence actions. See § 95.11(4), Fla. Stat. (2005). The motion further alleged that Stubbs’ medical negligence claim was barred because it had not been submitted to pre-suit screening. See § 766.106, Fla. Stat. (2005).
Upon review, the trial court granted the dismissal motion, stating:
GRANTED with prejudice based upon the allegations in the Second Amended Complaint (including paragraphs 12-16) the Court finds as a matter of law that Lorenzo Rivera, R.N. was exercising his nursing judgment at all times material hereto, and therefore, this claim comes under the authority of Florida Statutes Chapter 766.
Stubbs challenges this ruling, claiming that the trial court erred in going outside the four corners of the complaint in granting the motion to dismiss. We agree.
“Generally, the standard of review of an order dismissing a complaint with prejudice is de novo ” Palumbo v. Moore, 777 So.2d 1177, 1178 (Fla. 5th DCA 2001).
“A motion to dismiss for failure to state a cause of action admits all well pleaded facts as true, as well as reasonable inferences that may arise from those facts.” Id. “[A] court may not properly go beyond the four corners of the complaint in testing the legal sufficiency of the allegations set forth therein.” Hewett-Kier Constr. Inc. v. Lemuel Ramos and Assocs., Inc., 775 So.2d 373, 375 (Fla. 4th DCA 2000) (quoting Reed v. Sampson, 349 So.2d 684, 685 (Fla. 4th DCA 1977)).
Here, the trial court went beyond the four corners of the complaint when it found that Rivera was a registered nurse who was exercising his nursing judgment at all times material, since Stubbs’ complaint alleged that Rivera was acting as an orderly during said timeframe.[1] In that regard, the trial court improperly relied upon an affidavit filed by Rivera detailing *685 his interaction with Stubbs. In said affidavit, Rivera stated that he was employed as a registered nurse, rather than an orderly, and that he was performing a nursing assessment of Stubbs at the time of her injury.
The allegations contained within the four corners of Stubbs’ complaint, when taken as true, do not clearly sound in medical negligence. Accordingly, the motion to dismiss was improperly granted. See Reeves v. N. Broward Hosp. Dist., 821 So.2d 819, 322 (Fla. 4th DCA 2002) (explaining that the alleged wrongful act must be directly related to the improper application of medical services to the patient and the use of professional judgment and skill) (quoting Bell v. Indian River Mem’l Hosp., 778 So.2d 1030, 1033-34 (Fla. 4th DCA 2001)).

Reversed.

FARMER and HAZOURI, JJ., concur.

. In her answer brief, counsel for appellees misquoted the pleadings below, stating that the complaint alleged that “after tests were conducted, plaintiff was on a test bed and was directed by ... Surgi-Staff employee, Nurse Rivera, to move from the test bed to a gurney.” (Emphasis added.) In fact, the second amended complaint made reference in that paragraph to "defendant Rivera.”