DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**WALLISVILLE CORPORATION, INC.,** a Florida Corporation,
Appellant,

v.

**CHRIS McGUINNESS, DODIE'S REEF, INC.,** a Texas Corporation,
Appellees.

No. 4D13-4112

[January 7, 2015]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Joseph Marx, Judge; L.T. Case No. 502013CA007962.

David A. Yarema of David A. Yarema, P.A., West Palm Beach, for appellant.

No appearance for appellee.

WARNER, J.

The trial court dismissed appellant's complaint for damages based on the appellee's alleged failure to return a deposit made on a gambling website. It determined that section 849.26, Florida Statutes (2013), precluded such a suit. We reverse, because there are insufficient allegations in the complaint for the court to dismiss this claim based upon the statute.

Appellant filed a complaint against appellees Chris McGuinness and Dodie's Reef, Inc. for civil theft, conspiracy to commit civil theft, conversion, fraud, and unjust enrichment. The complaint alleged that in January 2013, appellant gambled on a website called hustler365.com, which was owned or operated by appellees and believed to be hosted on an off-shore website. "Prior to placing the wagers," the complaint alleged, appellant "gave [appellees] a $10,000.00 deposit." Appellant "won approximately $55,400.00 from the above-described wagers." Appellees later paid appellant $32,000 via two wire transfers, but had not paid appellant its remaining winnings or returned the deposit.

The complaint attached banking records showing the two payments appellees did make to appellant. It also attached text messages wherein appellee McGuinness allegedly discussed paying appellant the money owed. It did not attach any other documents with respect to the $10,000 deposit.

Appellees moved to dismiss the complaint. They argued, among other grounds, that the complaint was barred by section 849.26, Florida Statutes (2013), as an attempt to collect on a gambling debt. Thereafter, with leave of court, appellant filed an amended complaint. The amended complaint dropped the conspiracy count, as well as the fraud count, leaving only claims for civil theft, conversion, and unjust enrichment. The amended complaint was based only on the $10,000 deposit, rather than the gambling winnings, and sought $30,000 in treble damages under the civil theft statute. It alleged the deposit was given to appellee McGuinness "[p]rior to any gambling activity and before placing any wagers . . . ."

Appellees moved to dismiss the amended complaint, again arguing that the complaint sought to recover on a gambling debt, which was unenforceable under section 849.26, Florida Statutes (2013). After a full hearing, the trial court granted the motion and dismissed the complaint, refusing to change its ruling after an extensive motion for rehearing.

An order dismissing a complaint for failure to state a cause of action is reviewed *de novo*. *Stubbs v. Plantation Gen. Hosp. Ltd. P'ship*, 988 So. 2d 683, 684 (Fla. 4th DCA 2008). In considering a motion to dismiss, the trial court "may not properly go beyond the four corners of the complaint in testing the legal sufficiency of the allegations set forth therein." *Id.* (quoting *Hewett-Kier Constr., Inc. v. Lemuel Ramos & Assocs., Inc.*, 775 So. 2d 373, 375 (Fla. 4th DCA 2000)). The party moving for dismissal must "admit[] all well pleaded facts as true, as well as reasonable inferences that may arise from those facts." *Id.* (quoting *Palumbo v. Moore*, 777 So. 2d 1177, 1178 (Fla. 5th DCA 2001)). "Further, a motion to dismiss cannot be granted based on an affirmative defense unless the defense appears on the face of a pleading." *Pac. Ins. Co., Ltd. v. Botelho*, 891 So. 2d 587, 590 (Fla. 3d DCA 2004).

Section 849.26, Florida Statutes (2013), provides:

[1.] All promises, agreements, notes, bills, bonds or other contracts, mortgages or other securities, [2.] when the whole or part of the consideration if [a.] for money or other valuable thing won or lost, laid, staked, betted or wagered in any gambling transaction whatsoever, regardless of its name or nature,

whether heretofore prohibited or not, or [b.] for the repayment of money lent or advanced at the time of a gambling transaction for the purpose of being laid, betted, staked or wagered, [3.] are void and of no effect; [4.] provided, that this act shall not apply to wagering on pari-mutuels or any gambling transaction expressly authorized by law.

§ 849.26, Fla. Stat. (2013) (numbering added).  This statute bars enforcement of gambling debts even if the debt was incurred in another state where the gambling was legal.  *See Carnival Leisure Indus., Ltd. v. Herman*, 629 So. 2d 882, 882 (Fla. 4th DCA 1993).

Appellant relies on *Young v. Sands, Inc.*, 122 So. 2d 618 (Fla. 3d DCA 1960), which was, according to the opinion, the first time section 849.26 had been construed by a Florida appellate court.  There, a casino attempted to collect $1,600 it lent a patron.  *Id.* at 619.  The money was paid to the patron via a check made out to cash.  *Id.*  As an *affirmative defense*, the patron invoked section 849.26 and argued that "the check was given for money advanced for the purpose of gambling at a casino . . . and that [the casino] had knowledge of that intent."  *Id.*  Following a bench trial, the trial court entered judgment for the casino.  *Id.*

The Third District held, "The clear language of [section 849.26] provides that a check given for the repayment of money lent or advanced at the time of a gambling transaction for the purpose of being wagered is void."  *Id.*  However, the Third District noted that the casino's manager testified "that on cashing the check he had no knowledge of the purpose for which the defendant intended to use it.  The defendant's testimony was to the contrary . . . ."  *Id.*  The Third District concluded,

> Thus there was a conflict in the testimony as to the nature of the payment which was made on the check and as to whether the party cashing the check had knowledge of a purpose to use or apply the proceeds in gambling.  While it is hard to believe that such a transaction conducted in a gambling casino in a Las Vegas hotel could be *disassociated from gambling so as to escape invalidity under the statute*, it was for the trial judge, acting without a jury, to resolve the conflicts, weigh the evidence and draw the reasonable inferences therefrom, and the judgment for the plaintiff [casino] was not against the manifest weight of the evidence.

*Id.* at 619-20 (emphasis added).  *Cf. Hilton of San Juan, Inc. v. Lateano*, 305 A.2d 538, 539-40 (Conn. Cir. Ct. 1972) (on summary judgment,

3

finding similar Connecticut statute barred casino's attempt to collect loan paid to defendant in casino chips; rejecting casino's argument that loan was not covered by statute because defendant could have used chips to pay for things in the casino's hotel other than gambling).

*Young* stands for the proposition that for a transaction to be unenforceable under the statute, there must be some knowledge that the proceeds were intended to be used for gambling. In this case, however, the record is insufficient for us to determine, as a matter of law, that a claim seeking the return of the deposit is a transaction void under the statute. It seems likely that the purpose of the deposit was to cover losses appellant might subsequently incur while gambling on appellees' website. If so, recovery of the deposit would likely be barred as "for the repayment of money . . . advanced at the time of a gambling transaction for the purpose of being laid, betted, staked or wagered." § 849.26, Fla. Stat. (2013). However, on a motion to dismiss, all reasonable inferences must be drawn in favor of the plaintiff. *See Stubbs*, 988 So. 2d at 684. As there are no allegations as to the terms on which the deposit was being held, we cannot conclude that part of the consideration was to repay an advance made by the website at the time of the gambling transaction.

Furthermore, appellees' motion to dismiss based on section 849.26 raised an affirmative defense. *See Young*, 122 So. 2d at 619. Affirmative defenses "cannot ordinarily be raised by motion to dismiss" unless "the face of the complaint is sufficient to demonstrate the existence of the defense." *Ramos v. Mast*, 789 So. 2d 1226, 1227 (Fla. 4th DCA 2001); *see also* Fla. R. Civ. P. 1.110(d) ("Affirmative defenses appearing on the face of a prior pleading may be asserted as grounds for a motion or defense under rule 1.140(b)[.]"). Here, given the complaint's minimal factual allegations regarding the deposit, the trial court did not have enough information to decide the merits of appellees' affirmative defense. *See Ramos*, 789 So. 2d at 1227 ("[A]ppellant's complaint did not set forth sufficient allegations regarding the bar proceedings to enable the trial judge to address the merits of the collateral estoppel defense asserted in appellees' motion to dismiss."); *Ingalsbe v. Stewart Agency, Inc.*, 869 So. 2d 30, 34 (Fla. 4th DCA 2004) (finding affirmative defense did not appear on the face of the complaint, noting, "[t]he complaint is permissibly sketchy"); *see also Grove Isle Ass'n v. Grove Isle Assocs., LLLP*, 137 So. 3d 1081, 1089 (Fla. 3d DCA 2014) ("Because affirmative defenses may be avoided by facts pled in a reply, the allegations of the complaint must also conclusively negate the plaintiff's ability to allege facts in avoidance of the defense by way of reply or dismissal is inappropriate."). Thus, it was error for the trial court to dismiss the complaint based on appellees' affirmative defense, because the complaint did not contain sufficient allegations regarding the purpose of

the deposit to determine whether appellant's claim was barred by the statute.

We therefore reverse the dismissal of the complaint and remand with directions to reinstate the complaint and for further proceedings thereon.

TAYLOR and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***