PER CURIAM.
Chimera Services (Chimera) appeals the trial court's final order dismissing its complaint with prejudice. We reverse and remand for further proceedings consistent with this opinion.
Chimera filed a complaint against Christopher Prevatt, a former employee. Prevatt, pro se, filed a motion to dismiss the complaint. When the attorney of record for Chimera did not appear for the coordinated "short matters" hearing, the trial court granted Prevatt's motion, dismissing Chimera's complaint with prejudice . In part, the order states, "Plaintiff failed to appear. Defendant's motion to dismiss is granted. Case is dismissed and closed." Chimera's attorney promptly filed a motion for rehearing and reconsideration, explaining his failure to appear. The motion was denied without elaboration, and this appeal timely followed.
As a general rule, "the standard of review of an order dismissing a complaint with prejudice is de novo." Stubbs v. Plantation Gen. Hosp. Ltd. P'ship, 988 So.2d 683, 684 (Fla. 4th DCA 2008). Chimera argues that the trial court erred in dismissing its complaint with prejudice. We agree.
If the court's order of dismissal is interpreted as a sanction for the attorney's failure to appear, it was error to dismiss without considering the appropriate factors. See Bennett ex rel. Bennett v. Tenet St. Mary's, Inc., 67 So.3d 422, 426 (Fla. 4th DCA 2011) ("Before a court may dismiss a cause as a sanction, it must first consider the six factors delineated in Kozel v. Ostendorf, 629 So.2d 817 (Fla. 1993), and set forth explicit findings of fact in the order that imposes the sanction of dismissal.").
Conversely, if the dismissal was based on substantive issues, it was error for the court to dismiss without providing Chimera an opportunity to amend the complaint. "Generally, a trial court must allow a litigant the opportunity to amend a complaint before dismissing its suit with prejudice unless it is clear that the pleading cannot be amended so as to state a cause of action." Albrecht v. Bd. of Trs. of Internal Improvement Tr. Fund, 481 So.2d 555, 556 (Fla. 2d DCA 1986).
Therefore, we reverse the order dismissing Chimera's complaint with prejudice and remand to the trial court for further proceedings.
REVERSED and REMANDED.
ORFINGER, HARRIS, and GROSSHANS, JJ., concur.