# Third District Court of Appeal

## State of Florida

Opinion filed August 14, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-2234
Lower Tribunal No. 18-32780
_____

**Kirk Taboada,**
Appellant,

vs.

**Rodrigo Chapur Duarte,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Carlos Guzman, Judge.

Dinsmore & Shohl LLP, and Kathryn L. Ender and Audriana A. Rodriguez, for appellant.

TA PLLC, and Alexander A. Salinas and Brady L. Taylor, for appellee.

Before SCALES, MILLER and BOKOR, JJ.

BOKOR, J.

Kirk Taboada, the defendant below, appeals a grant of summary judgment in favor of Rodrigo Chapur Duarte (Chapur), the plaintiff, in an action for breach of a promissory note. The uncontested facts reveal that, in a prior action between the parties, Taboada sought and received a judgment for fees and costs under a prevailing party provision of the promissory note. The trial court concluded that because Taboada received a benefit under the contract, the principle of judicial estoppel barred him from asserting in this action that Florida law renders the note void and unenforceable. For the reasons explained below, judicial estoppel doesn't apply, and Florida law renders the note void and unenforceable.

**FACTS**

Chapur brought the initial action against Taboada in March 2018, asserting claims for breach of promissory note and civil theft. Chapur later voluntarily dismissed the 2018 action without prejudice. Taboada sought, and the trial court granted, prevailing party attorney's fees and costs under the promissory note resulting from Chapur's dismissal of the 2018 action without prejudice.[1]

---

[1] This fee judgment was never appealed, and accordingly, we do not disturb it on this appeal.

Subsequently, Chapur filed the underlying action, asserting only a breach of promissory note claim. Taboada responded by asserting affirmative defenses and counterclaims, including that section 849.26, Florida Statutes, rendered the note void and unenforceable because the note secured repayment of gambling debts incurred from a sports betting website.

Chapur moved for summary judgment, arguing that Taboada conceded enforceability of the note by seeking costs and fees based on the dismissal from the 2018 action, estopping Taboada from now asserting unenforceability of the note. The trial court agreed and granted judgment in Chapur's favor, finding that Taboada did not deny breaching the note and that judicial estoppel bars Taboada from raising the defense of unenforceability. This appeal followed.

## ANALYSIS

We review de novo a trial court's order granting a motion for summary judgment. See, e.g., The Fla. Bar v. Greene, 926 So. 2d 1195, 1200 (Fla. 2006). Similarly, we review de novo the interpretation of a contract or statute. See Lazzari v. Guzman, 314 So. 3d 374, 376 (Fla. 3d DCA 2020). Summary judgment is appropriate only when the movant shows that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. Fla. R. Civ. P. 1.510(a).

We agree with Taboada that the undisputed record indicates that the note is void and unenforceable under Florida law. Section 849.26 provides that "[a]ll promises, agreements, notes, bills, bonds or other contracts, mortgages or other securities . . . for the repayment of money lent or advanced at the time of a gambling transaction for the purpose of being laid, betted, staked or wagered, are void and of no effect." "This statute bars enforcement of gambling debts even if the debt was incurred in another state where the gambling was legal." Wallisville Corp., Inc. v. McGuinness, 154 So. 3d 501, 503 (Fla. 4th DCA 2015). "A contract which violates a provision of the constitution or a statute is void and illegal, and, will not be enforced in our courts." Harris v. Gonzalez, 789 So. 2d 405, 409 (Fla. 4th DCA 2001); see also Atl. Coast Line R. Co. v. Beazley, 45 So. 761, 798 (Fla. 1907) (Whitfield, J., concurring) ("When a statute declares that no contract that accomplishes a stated purpose shall be legal or binding, any contract that indirectly accomplishes such purpose is included within the declaration of the statute, and is not legal or binding."). Any attempt by the parties to ratify an illegal contract is also futile. See City of Stuart v. Green, 23 So. 2d 831, 835 (Fla. 1945).

While the promissory note itself does not indicate the basis for the loan, the summary judgment record reflects, and Chapur concedes, that the note

4

concerned repayment of gambling debts incurred by Taboada and others through a shared account on a sports betting website. Thus, as this note was "for the repayment of money lent or advanced at the time of a gambling transaction for the purpose of being laid, betted, staked or wagered," § 849.26, Fla. Stat., the note was void and unenforceable.

However, in granting summary judgment for Chapur, the trial court accepted Chapur's argument that Taboada's seeking of attorneys' fees under the prevailing party fee provision of the promissory note in the 2018 action constituted a benefit under the contract, invoking judicial estoppel on the issue of the enforceability of the contract. But there was never a determination of the enforceability of the contract. And the conclusion reached below misapplies both the facts of this case and the law on judicial estoppel. Per the supreme court:

> In order to work an estoppel, the position assumed in the former trial must have been successfully maintained. In proceedings terminating in a judgment, the positions must be clearly inconsistent, the parties must be the same and **the same questions must be involved**. So, the party claiming the estoppel must have been misled and have changed his position; and an estoppel is not raised by conduct of one party to a suit, unless by reason thereof the other party has been so placed as to make it to act in reliance upon it unjust to him to allow that first party to subsequently change his position. **There can be no estoppel where both parties are equally in possession of all the facts pertaining to the matter relied on as an estoppel; where the conduct relied on to create the estoppel was**

5

**caused by the act of the party claiming the estoppel, or where the positions taken involved solely a question of law**.

Blumberg v. USAA Cas. Ins. Co., 790 So. 2d 1061, 1066 (Fla. 2001) (emphasis added) (quoting Chase & Co. v. Little, 156 So. 609, 610–11 (Fla. 1934)).

Here, the record reveals no such determination of the validity or enforceability of the promissory note under section 849.26, so the "same questions" weren't involved. Additionally, the "conduct relied on to create the estoppel" was caused by the act of the party claiming estoppel—here, Chapur's initiation and subsequent dismissal of a lawsuit—and "the positions taken involved solely a question of law." Id. Accordingly, the principle of judicial estoppel doesn't apply to the pertinent question of law, namely, whether Chapur can enforce a void contract.[2] Because the parties effectively concede that the contract is void and unenforceable, and judicial estoppel offers no relief, Chapur's motion for summary judgment must be denied.[3]

---

[2] Because judicial estoppel doesn't apply, and the promissory note is void and unenforceable, we decline to address Taboada's other grounds for appeal.

[3] Although not argued by Taboada, we note that this result comports with basic contract law. To prove a breach of contract, a plaintiff must prove that (1) a valid contract existed; (2) a material breach; and (3) damages. Deauville Hotel Mgmt., LLC v. Ward, 219 So. 3d 949, 953 (Fla. 3d DCA 2017). Where, as here, the contract is void and unenforceable under Florida law, a plaintiff can't meet element one—the existence of a valid contract. That alone would have precluded summary judgment in favor of the plaintiff on a breach claim,

6

Reversed and remanded for further proceedings consistent with this opinion.

---

regardless of estoppel. Additionally, because it is neither briefed by the parties nor necessary to decide the issue, we simply question whether estoppel, an equitable principle, could be invoked to allow enforcement of a statutorily void and unenforceable contract.